MORRIS FRANKLIN, Appellant, *v.* BOSTON AND MAINE RAILROAD, Respondent.

Third Department, May 28, 1915.

Contempt — decree requiring railroad company to erect station and stop its trains thereat — when decree sufficiently complied with.

Motion to punish the defendant, a railroad company, for contempt in failing to comply with the provision of a decree of court requiring it to erect near the plaintiff's premises and maintain by a certain date a depot of the same value and location as one which had been previously maintained by another railroad company. Evidence examined, and *held*, that the railroad company had substantially complied with the decree, in that the depot erected by it was as valuable as the depot formerly maintained, and that it had sufficiently excused a delay in performance within the precise time set.

A provision in the decree that the depot shall be maintained "as a regular station of the defendant's railroad at which all its regular trains shall stop" is sufficiently complied with where the defendant makes stops at said station whenever it has passengers desiring to alight thereat, and whenever its trains are signaled to stop to take on passengers, where said station is in fact an adjunct to the plaintiff's mineral springs, to and from which there was very little regular passenger traffic, and the stopping of all regular trains would serve no useful purpose, but impede public travel.

Where a decree of court is in any wise ambiguous, it is subject to the same rules of interpretation as any other instrument.

KELLOGG and HOWARD, JJ., dissented.

APPEAL by the plaintiff, Morris Franklin, from an order of the Supreme Court, made at the Saratoga Special Term and

entered in the office of the clerk of the county of Saratoga on the 15th day of July, 1914, denying plaintiff's motion to punish the defendant for contempt of court.

*William D. McNulty,* for the appellant.

*Jarvis P. O'Brien,* for the respondent.

Order affirmed, without costs, on the opinion of Mr. Justice HENRY T. KELLOGG at Special Term.

All concurred, except KELLOGG and HOWARD, JJ., dissenting.

The following is the opinion of the court below:

HENRY T. KELLOGG, J.:

This is a motion to punish the defendant for contempt in failing to comply with a provision of a decree of this court in an action between these parties which reads as follows: "That the said defendant on or before the first day of May, 1912, erect and maintain a depot and platform of the value and at the point on the property of plaintiff, as nearly as can be ascertained, as was erected and maintained by the Saratoga Lake Railroad Company, which will be for the accommodation of passengers to and from the spring property of the Eureka Spring Company, and which shall be maintained as a regular station of the defendant's railroad at which all its regular trains shall stop."

The defendant has built and maintains a depot and platform at the point on the westerly property of the plaintiff described, and this depot, upon the proof before me, appears to be substantially as valuable and commodious for passengers as the depot formerly maintained. It is true that the depot was not erected within the precise time fixed by the decree, but sufficient excuse therefor has been shown. The defendant has stopped all of its regular trains at this depot since its erection, upon signal, but not otherwise.

It seems to me that a decree of the court which is in any wise

Third Department, May, 1915.          [Vol. 168.

ambiguous is subject to the same rules of interpretation as any other instrument, and that in interpreting a decree recourse may be had to the facts proven which gave rise to the decree.

This decree provides that the depot in question shall be "maintained as a regular station of the defendant's railroad at which all its regular trains shall stop." The contract between the predecessors in title of these parties, which is the basis of the decree in question, provided in relation to the maintenance of the station that the railroad "shall always keep and maintain a depot and platform for passengers" and made no express reference to the stopping of any trains. The proven facts of the case establish that the property, for the benefit of which the depot was to be erected, is upon the outskirts of the village of Saratoga Springs, and that there is scarcely a resident in its vicinity whose convenience would be served by the stopping of trains. From May first to August last there were but four applications for tickets from Saratoga Springs to this station. The only travel to this station of a substantial character which ever will arise, if at all, will take place during the summer months only, and then only to carry passengers in the main from Saratoga Springs to the property of the plaintiff for the purpose of enjoying the benefit of the white sulphur spring located there, but that such travel will ever become substantial is still unproven and problematical. Under these circumstances it seems to me that it would be a gross injustice to compel this railroad daily to stop each and every of its numerous trains to and from Saratoga throughout the entire winter season, when there is no travel at all, and throughout the summer season when the travel is but light, and to compel it to stop such trains at all such times, whether tickets are bought for the station or the train is flagged or otherwise. So far as all passengers from Saratoga to the springs are concerned the purchase of a ticket will insure the stoppage of a train; so far as passengers from the station are concerned it is surely not a burden for them to show the signal provided to stop the desired train. The contract and the decree were made for the benefit and the convenience of travelers and not for the advertising of the plaintiff's springs by frequent stops, when there are no passengers to alight or to embark, at the expense of the comfort of the traveling public.

Construed, therefore, in the light of the contract controlling the action of the parties and the facts and circumstances of the case, it seems to me to be very clear that it was intended by the decree in question by the provision in relation to the stopping of all regular. trains to provide for such stopping when the same was necessary for the convenience of embarking and disembarking passengers whose wishes became known to those in charge. of the trains by the tickets they held or the signal they displayed.

For these reasons the motion is denied, with costs.