PAUL G. GRAVENHORST, as Executor, etc., of EDGAR A. REINCKE, Deceased, Appellant, *v.* THE· TEXAS COMPANY, Respondent.

First Department, December 20, 1918.

**Judgment — when judgment awarding sum solely under first cause of action constitutes dismissal as to second cause of action — principal and agent — forfeiture of commissions — negligence — breach of duty — recovery of commissions.**

When a judgment awards a certain sum of money solely under a first cause of action and awards nothing expressly or by implication upon a second cause of action based upon a different theory of liability, and when the referee's opinion and report clearly show that the judgment was intended to and it does in fact award nothing under the second cause of action, then the judgment is equivalent to a dismissal as to such second cause of action.

The fact that agents of an oil company, without any evidence of bad faith and as a mere matter of clerical inadvertence, wrote policies of fire insurance which did not cover inflammable materials such as received from the oil company, affords no basis for depriving such agents of their commissions.

Evidence as to alleged failure of such agents to be as diligent on occasions as their duty required them to be. *held* insufficient to justify a loss of commissions.

A report by agents of an oil company that they had sold a shipment of oil at the market price, whereas in fact they had taken it over for their own account, constituted a breach of duty sufficient to deprive them of commissions they would otherwise have earned, although they did not profit thereby. But the forfeiture of commissions should be limited to the value of the shipment in question, as under the agreement between the parties a separate account of each shipment was to be kept upon the closing out thereof.

Where agents of an oil company were only to receive a commission of five per cent, a judgment allowing reimbursements for payments of one and one-half per cent commissions to subagents should be modified by deducting said amount.

APPEAL by the plaintiff, Paul G. Gravenhorst as executor, from so much of a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 13th day of October, 1917, as dismisses his second cause of action.

*George E. Morgan* of counsel [*Frederick H. Man* with him on the brief], for the appellant.

*I. R. Oeland* of counsel [*James L. Nesbitt*, attorney], for the respondent.

DOWLING, J.:

By the complaint herein plaintiff sought to recover upon two causes of action; the *first*, in the sum of $46,224.64 for advances and payments made by Fry, Youle & Co. (the assignors of plaintiff's testator) for and on account of the Texas Company, over and above any amounts repaid by the company; and, *second*, in the sum of $17,739 to recover the commissions due to Fry, Youle & Co. from the defendant upon the invoice value of petroleum and petroleum products consigned to, and sold by, Fry, Youle & Co. for the defendant, upon an agreed commission of five per cent on the invoice value of each cargo or shipment of petroleum or petroleum products that should be consigned and shipped to Fry, Youle & Co. or their agents by the defendant and by said firm sold, such invoice value to be the value of each cargo or shipment at the point of shipment in the United States as in such contract provided. By the complaint the agreement between the parties dated January 21, 1910, was made a part of each cause of action, and under the 11th and 13th paragraphs of such agreement the commission is fixed at five per cent on the invoice value of each cargo or shipment at the point of shipment in the United States of America, and there is to be a separate account of each cargo, expenses and disbursements, credits and sales, kept and rendered to the principals in detail at the closing out of each cargo, but in any event not less than every three months, at which time, or quarterly periods, a settlement of the balances shall be made. The judgment did not specifically dismiss the second cause of action, but the amount awarded thereby, namely, $43,740.06, is shown by the record to be exclusively for amounts claimed under the first cause of action, consisting of advances and payments of various kinds made by Fry, Youle & Co. in the transaction of the defendant's business.

The report of the referee by the 24th conclusion of law deter-

mines: " Fry, Youle & Company, by reason of their wrongful act taking over 9,000 cases of the consignment by the S. S. ' Kirby Bank,' have forfeited their right to commissions." In his opinion the learned referee found that Fry, Youle & Co. had been guilty of certain misfeasance in that they failed to report the disposition made of 9,000 cases of kerosene shipped to Rio de Janeiro, which will be hereafter referred to more particularly, and that they were also negligent in that they charged the defendant with the cost of fire insurance policies which they themselves had written as insurance agents and which did not cover inflammables such as defendant's products, and that they were frequently not so diligent in defendant's interest as their duty required them to be, for which reasons the referee said he was constrained to disallow commissions.

. Upon this state of facts I am of the opinion that, even though the judgment does not in terms dismiss the second cause of action set forth in the complaint, yet such is the logical and necessary import of its adjudication. When a judgment awards a certain sum of money solely under a first cause of action and awards nothing, expressly or by implication, upon a second cause of action based upon a different theory of liability, and when the referee's opinion and report clearly show that the judgment was intended to, and it does in fact, award nothing under the second cause of action, then the judgment is equivalent to a dismissal as to such second cause of action. The appellant herein does not question that the second cause of action was in fact dismissed.

Considering the merits of this appeal we are called upon to decide solely whether the acts of Fry, Youle & Co. as agents for the Texas Company were so negligent or so characterized by bad faith and unfair dealing as to subject the agents to the penalty of forfeiture of all their commissions, both before and after the alleged wrongful acts. The learned referee in his opinion adverted to the negligence of the agents in having written policies of fire insurance which did not cover inflammable materials such as the defendant exported. But there is no claim of bad faith in writing these policies and it seems to have been a mere matter of clerical

inadvertence. No loss or damage occurred whereby the defendant suffered any loss as the result of the failure of the policies to be sufficiently broad in their terms, and the agents had not been allowed the amounts charged as premiums on such policies. It seems to us that this transaction affords no basis for depriving the agents of their commissions. Reference is made by the learned referee to the failure of the agents to be as diligent on occasions as their duty required them to be, but we find no sufficient proof on this point to justify a loss of commissions. While the referee referred to both these matters in his opinion, by his report he based his refusal to allow commissions solely upon the act of the agents in wrongfully taking over 9,000 cases of the consignment by the steamship *Kirby Bank*. That transaction was one by which the agents received a certain consignment of kerosene amounting to 29,057 cases which was invoiced August 5, 1910, and should have arrived at Rio de Janeiro in the last week of August, but in fact did not arrive there until the middle of September. In the meantime all the goods to arrive had been sold, but many of the consignees refused to accept their purchases because of the delay, and as a result 9,000 cases of kerosene out of this shipment were shipped to Campos and the agents reported to the defendant that the whole consignment had been sold at the average price realized for the last lots actually sold at Rio de Janeiro. Thereafter the agents continued to sell these 9,000 cases, realizing a price less than that at which they had charged the goods to themselves in their account with the defendant, so that they made no profit on this transaction, but on the contrary sustained a loss, for which, of course, they never made any claim.

I am of the opinion that the failure of the agents to report the actual transaction to their principal and their statement to the latter that they had sold the goods at the market price, whereas in fact they had taken over the goods for their own account, even though it be at the last quoted market prices, was a breach of their duty to their principal and in law constituted bad faith sufficient to deprive them of commissions they would otherwise have earned upon this transaction. But inasmuch as under the agreement in writing between the parties a separate account of each cargo was to

be kept upon the closing out thereof, I believe that the penalty to be visited upon the agents by way of forfeiture of their commissions should be limited to the value of the specific cargo, as to which they had been guilty, in part, of a breach of their duty. The value of the shipment of August 5, 1910, to Rio de Janeiro by the steamship *Kirby Bank*, as shown by the referee's report, was $24,786. The full invoice value of all the goods shipped by the defendant to Fry, Youle & Co. as by its drafts, was $350,333.10. Deducting therefrom the amount of the shipment in question leaves a balance of $325,547.10 upon which the agents were entitled to their commission of five per cent. But a peculiar situation has arisen here because of the form of the prior recovery. Under the first cause of action plaintiff has recovered by the judgment heretofore affirmed by this court upon defendant's appeal (183 App. Div. 929) a sum which includes the balance due him for all advances and payments made under the dealings of Fry, Youle & Co. with the defendant. Included in that recovery were sums advanced and paid by Fry, Youle & Co. to subagents whom they had employed at their Brazilian ports other than Rio de Janeiro. The record upon the prior appeal disclosed that these subagents had been appointed with the knowledge and consent of the defendant, and that the advances and payments made by Fry, Youle & Co. to these subagents had been reported to defendant, accepted or not questioned by it, and also approved by the defendant's representative who went to Brazil for the purpose of investigating conditions there in relation to the transactions between the defendant and Fry, Youle & Co. The advances and payments so made were commissions of one and one-half per cent paid to the subagents. There is no finding, however, that although the defendant approved of the appointment of these subagents it ever agreed to pay any commission in addition to the five per cent it had agreed to pay Fry, Youle & Co. The inclusion of these payments of one and one-half per cent commissions to the subagents in the judgment heretofore affirmed was not an allowance for commissions as such, but a reimbursement to Fry, Youle & Co. of moneys advanced by them upon the defendant's express

First Department, December, 1918.          [Vol. 185.

authorization, and which payments had been approved and allowed by the defendant. This left a somewhat anomalous situation, for the referee had refused to allow Fry, Youle & Co. any commissions and still one and one-half per cent commissions had been paid to the subagents and reimbursed to Fry, Youle & Co. But the anomaly is caused by the parties, method of doing business and so far as the first cause of action is concerned, a recovery thereunder was solely for advances and not for commissions. I think it is reasonably clear from the record on the prior appeal in this action that the defendant never was to pay more than five per cent commission in the aggregate and that, therefore, the one and one-half per cent commissions paid to subagents must of necessity be charged against any commission which Fry, Youle & Co. might be entitled to receive. This leads to the conclusion that from the commissions earned by Fry, Youle & Co., as heretofore computed, there should be deducted the amounts allowed by the judgment herein as reimbursement for the payments of one and one-half per cent commissions to the subagents. The amount so charged against the defendant and allowed by the judgment is a matter of mathematical computation, which can be arrived at by reference to the accounts as passed.

I believe, therefore, that the judgment appealed from in so far as it makes no award for any commissions earned by Fry, Youle & Co., as claimed in the second cause of action, should be reversed, and that judgment should be directed in favor of the plaintiff for commissions at the rate of five per cent (as fixed by the agreement) upon the balance remaining after deducting from the total sales the amount of the cargo for Rio de Janeiro by the steamship *Kirby Bank* of August 5, 1910, such difference amounting to five per cent of $16,277.35, and from that amount should be deducted all amounts allowed to the plaintiff as commissions paid to the subagents in Brazil. Appropriate findings will be made accordingly. The facts required to support such a judgment are all embraced in the report of the referee herein, but a further finding may be necessary now to be made which will show in detail the amount of commissions so paid to such subagents. Judgment is directed to be entered in favor

of the plaintiff for the amount so fixed, together with the costs and disbursements of this appeal.

CLARKE, P. J., SMITH, SHEARN and MERRELL, JJ., concurred.

Judgment reversed to the extent stated in opinion and judgment directed in favor of plaintiff as therein indicated, with costs.   Order to be settled on notice.