THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* REINFORCED PAPER BOTTLE CORPORATION and Others, Defendants.*

Supreme Court, Special Term, New York County, February 14, 1941.

* See, also, 176 Misc. 268.

*John J. Bennett, Jr., Attorney-General* [*Bertha Schwartz* of counsel], for the plaintiff.

*Peaslee, Brigham & Albrecht,* for the defendants.

*Weisman, Celler, Quinn, Allan & Spett,* for Max Hirson, receiver.

VALENTE, J. This is a motion by defendants to direct the receiver, appointed by the judgment herein dated March 25. 1940, to turn over to the defendants all of their property in his possession or under his control, discharging him as receiver and canceling his bond The action was brought pursuant to article 23-A of the General Business Law, commonly known as the Martin Act, to restrain the defendants from selling any securities within the State of New York by reason of their fraudulent practices and to appoint a receiver of property derived by them by means of such fraudulent practices. The judgment was entered after an extended trial before me in which it conclusively appeared that the defendants (other than defendant Frederick C. Scofield) had been engaged for a number of years in selling the stock of defendant Reinforced Paper Bottle Corporation in violation of the provisions of the Martin Act The judgment, as authorized by this statute, vested title in the receiver to property thus fraudulently obtained, and directed him to take possession and liquidate same for the benefit of the defrauded stockholders.

Within a few weeks after the entry of judgment and before the receiver obtained possession of any such property, the defendant Reinforced Paper Bottle Corporation filed a petition under chapter XI of the Chandler Act (U. S. Code, tit. 11, § 701 *et seq.*) in the United States District Court for the District of Delaware, the State of its incorporation, proposing a plan of arrangement with its creditors. A few days later the defendant Lydia B. Koch filed a similar petition in the United States District Court, Southern District of New York. In both proceedings orders were procured restraining the receiver, pending the confirmation of the petitions, from taking possession of any of the property of said defendants.

In the Koch proceeding the receiver appeared and challenged the jurisdiction of the bankruptcy court over property with respect

to which he took title under the judgment. He maintained that the judgment divested Koch of title to such property before the petition was filed and consequently that said property was withdrawn from the jurisdiction of the court of bankruptcy. This raised a question of law as to the effect and operation of the judgment. It was decided adversely to the receiver, the plan of arrangement was confirmed, and he was enjoined from instituting any proceedings for the purpose of taking possession of the property in question. On appeal the referee's order was affirmed by the Circuit Court of Appeals, Second Circuit (*Matter of Koch*, 116 F. [2d] 243), which in an opinion by SWAN, J., held: " The State court judgment did not purport to decide what property of the debtor had been derived by means of her fraudulent practices, nor to vest the receiver with title to all of her property. Identification of the property of which he was to take title for the benefit of defrauded persons remained to be determined by further proceedings, and the receiver would have no right to take any specific property from the debtor's possession without a judicial finding that such property was the proceeds of the debtor's fraud or resulted from so intermingling such proceeds with other property that identification of the proceeds themselves was impossible. (*People* v. *Lowther*, 241 App. Div. 524.) Without identification of property no title thereto can vest in the receiver; and until the receiver or some intervening victim of the defendant's fraud makes claim in the action to some specific property in the defendant's possession, we do not think that it can be deemed a suit *in rem*, and as such have precedence over the bankruptcy proceedings. Cf. *In re Rudnick & Co.*, 2 Cir., 160 F 903; *In re Braun*, 7 Cir., 3 F. [2d] 247, actions in replevin by defrauded sellers."

The receiver petitioned the Circuit Court for a rehearing upon the claimed ground that the Supreme Court had identified the property obtained by fraud as evidenced by the findings of fact embodied in the court's decision and that, therefore, the judgment, construed in the light of the findings, was effective to oust the Federal court of jurisdiction. Though rehearing was denied, the Circuit Court wrote a further opinion (*Matter of Koch, supra*), in which it said, after discussing the findings made herein:

" * * * Hence it is urged that the decree directing the receiver to take possession of all property derived by her by means of fraudulent practices should be construed, in the light of the findings of fact, as expressly identifying the notes of these corporations which were in her possession and listed in her petition for arrangement. Assuming this to be true, we do not think it can alter the conclusion at which we arrived. Even if the decree passed to the

receiver the right to possession of the notes held by Mrs. Koch, he would have to return them to her, if no intervenor established a right to them. When the debtor's petition was filed no victim of her fraud had come forward to assert any right to the notes; nor did any such victim appear in the bankruptcy proceedings during the intervening months that preceded confirmation of the arrangement of July 12, 1940. So far as appears she was the only *cestui* of the receiver's trust. We cannot see that the receiver has any right to prevent her property from being administered in bankruptcy, unless he can point to some adverse claimant for whom he is acting as trustee."

Plaintiffs then made a motion in this action to amend the judgment so as to include a provision, in accordance with the findings, that all of the assets of both defendant corporations had been derived through means of fraudulent practices. It was denied, the court holding, upon the basis of the first opinion of the Circuit Court, that the trial court could not either under the Martin Act or under the allegations of the complaint identify property obtained by fraud; that such identification could only be made in a subsequent proceeding to be instituted by the receiver and that there was no authority to amend the judgment to incorporate the finding appearing in the decision. Reargument of this motion was thereupon sought upon the ground that it should have been referred to me since it involved a question of law necessarily considered by me at the trial and at the time I made the finding identifying the property obtained by fraudulent practices. Reargument was granted, but the original decision was adhered to.

These proceedings have been adverted to at some length, for the reason that the opinions rendered have been pressed upon me as authority for granting the instant motion to discharge the receiver. It is urged in substance that in view of the rulings made the receiver cannot obtain possession of any property under the judgment and, therefore, it would serve no useful purpose to continue the receivership. The receiver answers this contention by stating that he declines to accept the decision of the Circuit Court as final and proposes to apply to the Supreme Court of the United States for certiorari to review that determination. He also calls attention to the fact that this decision, rendered in the Koch proceeding, may not be followed by the court in Delaware, which has jurisdiction of the petition filed by the corporation. If a different conclusion is there reached the receivership would necessarily continue.

Finally, it is pointed out by the receiver that the defendant Safety Service Milk Bottle Corporation has not appealed to the Federal courts for the protection of its property from the claims of

the receiver under the judgment. The question, therefore, remains whether, in the light of the decisions construing the effect of this judgment, the receiver can take anything under the decree. In my opinion, the Martin Act has been given an erroneous interpretation contrary to the views expressed by our appellate courts, and opposed to my own determination in this case.

Ordinarily in any dispute over jurisdiction of property between the Federal and State courts, in a proceeding under the National Bankrputcy Act, the decisions of the Federal courts are controlling. Here, however, the decision reached by the Circuit Court was predicated upon its interpretation of the Martin Act and of the import of the judgment rendered herein. As such, it is not conclusive for the interpretation of a State statute is exclusively for the courts of that State to pronounce and their ruling is binding on the Federal courts (*Marsich* v. *Eastman Kodak Co.*, 244 App. Div. 295; affd., 269 N. Y. 621; *People ex rel. Weber & Heilbroner, Inc.*, v. *Graves*, 249 App. Div. 49; *Madden* v. *Kentucky*, 309 U. S. 83; *Russell* v. *Todd*, Id. 280.)

The results reached by the Circuit Court and by my learned colleague are so far-reaching in their public effect that more is involved than the disposition of this motion. The Martin Act, in the process of interpretation, has been shorn of a substantial part of its effectiveness, and investors have been deprived of a valuable remedy against unscrupulous stock manipulators. The case at bar presents a particularly flagrant example of unconscionable fraud by means of which these defendants succeeded in obtaining hundreds of thousands of dollars from innumerable credulous people. It is shocking to find that the defendants will be allowed to retain the fruits of their fraud under a narrow conception of the scope of the Martin Act which denies to plain language its obvious meaning. The clear provisions of the statute have been so greatly, and unnecessarily, restricted that the legislative intent to provide a simple procedure designed to avoid a multiplicity of suits has been nullified An expeditious proceeding calculated to aid the public has been burdened with onerous conditions which are neither expressed nor implied in the statute. As a consequence, the judgment of this court has been deprived of all force by decisions which unwittingly betray a greater solicitude for the rights of the prepetrators of fraud than for those defrauded.

Not only has the receiver been restrained from taking possession of the property fraudulently obtained, but the defrauded stockholders were not even brought in as interested parties in the proceedings filed under chapter XI of the Chandler Act. In such a proceeding the debtor simply proposes a plan of arrangement with

ordinary creditors. Since the defrauded stockholders do not fall within this class, their rights are completely ignored though their property is utilized in order to effectuate the plan. Thus, by this device, the defendant Koch is able to retain property tainted with fraud under the guise of a settlement with a few personal creditors who have absolutely no interest in such property. The Chandler Act, in short, has been invoked to circumvent the judgment of this court.

The basic question underlying the opinions referred to above is whether the trial court is empowered to identify the property obtained by fraud and to vest its receiver with title thereto. If it is, his right to possession will survive any bankruptcy proceeding instituted after the entry of judgment. In my opinion there is no room for doubt that the Martin Act grants this power and that it may be exercised at the trial of the main issues. (*People* v. *Strauss & Co., Inc.*, 236 App. Div. 796; *Cruse* v. *Rounds*, 235 id. 894; *People* v. *Latta*, 137 Misc. 208. See, also, *People* v. *Lowther*, *supra; Burns* v. *Maguire*, 255 App. Div. 552; affd., 280 N. Y. 700, wherein the power in question was deemed to exist, the only issue being whether particular property had in fact been identified at the trial.) I reached the same determination in this case and made findings detailing the particular property obtained by fraud.

Nothing in the statute lends support to the suggestion that the identification of the property must be reserved for a separate action or proceeding to be brought against the same defendants. Since section 353-a authorizes the court to appoint a receiver of such property at any stage of the proceeding, and by final judgment to vest him with title thereto, it follows of necessity that property in the hands of the defendants who are before the court and have an opportunity to be heard, may be identified. Proof of identification is interlaced and often inseparable from proof of the fraudulent acts. To say there is power to find fraud but not to identify the property procured thereby is to misconceive the power of a court of equity. The defendants were not deprived of property without due process; they had every opportunity to meet the issue tendered by the demand for the appointment of a permanent receiver and to controvert the claim that specific property was the fruit of their fraud.

The statute does not preclude the trial court from taking evidence in support of this issue. Nor does it require the bringing of another action in which the identity of the property might be established. A separate action by the receiver would simply require the introduction of the same evidence which was offered on the first trial. No necessity for such duplication of effort is shown, nor can it be

justified upon the ground that the main action might not be strictly *in rem.* On the other hand, the difficulties that would be encountered by the receiver in assembling again the voluminous proof gathered by the Attorney-General at great expense to the State, are patent. It could not reasonably be expected that he would assume the burden at his own expense. To require him to do so will for all practical purposes mutilate a remedial statute.

Section 353-a provides further that the property to which the receiver takes title shall be liquidated for the benefit of all persons intervening in the action and establishing an interest therein. The Circuit Court was of the opinion that intervention on the part of the defrauded stockholders and the establishment of their claims are conditions precedent to the perfection of title in the receiver to specific property. Until then, presumably, his title is inchoate. This view conflicts with the earlier portion of its opinion in which it acknowledged that if the court was empowered to identify the property procured by fraud it could vest title thereto in the receiver which would permit him to take possession for the benefit of all those stockholders whose funds went into such property. To say that the defrauded stockholders must first trace their funds before the receiver acquires title, is to reverse the procedure contemplated by the statute. Section 353-a clearly provides for the receiver first to take title to and possession of the property and liquidate it for the benefit of those establishing an interest therein. After the property is obtained, the defrauded stockholders may come in and prove their claims which, if established, will entitle them to their distributive share of the proceeds in the hands of the receiver. (*Schultze* v. *Manufacturers Trust Co.*, 242 App. Div. 262; *Hughes* v. *Ellenbogen*, 256 id. 1103.) They need not individually trace their funds into particular property, already identified as having been obtained by fraud, before the receiver may take possession of it. To require them to do so would defeat the purpose of the act. If it were true, as the Circuit Court said, that the statute contemplates a separate action by the receiver in order to identify such property, he would have to seek out each defrauded stockholder and start a suit on his behalf. Each claim would thus represent a separate equity action. Bearing in mind that many defrauded stockholders may hold only a few shares each, the expense involved would make such procedure prohibitive. The only benefit would run to the defendants who would be surrounded with extraordinary safeguards in no sense commensurate with the needs of due process. To avoid these inequities the statute vests title to the property derived by fraud in the receiver in the first instance; intervention and proof of claims are subsequent steps to be taken in the course of administration of the trust.

The Circuit Court declared that the weakness in the judgment is that it does not identify the property involved. True, it vests the receiver with title to property described only in general terms. But it is proper in such case to read the judgment, together with the findings, upon which it is based. What it purports to direct, if it is lacking in particularity, may be gathered from the findings. (*Franklin* v. *Boston & Maine R. R.*, 168 App. Div. 560; *Matter of Kirkholder*, 171 id. 153, 156; *Matter of Cullen*, 163 Misc. 410; *Gravenhorst* v. *Texas Co.*, 185 App. Div. 511; *Matter of Braasch*, 208 id. 745.)

This principle of construction was later recognized by the Circuit Court, for in its second opinion it apparently removed its earlier ruling from this foundation and rested it on the failure of stockholders to intervene and identify the property before the petition in bankruptcy was filed. But the intervention theory supplies no firmer base for its ultimate holding. It does not answer the main question as to where title resided when the petition was filed. If such title was in the receiver, as it clearly was, then Federal jurisdiction did not attach. What follows after the receiver acquired title is for the State court to determine, for it is there that the trust must be administered.

A final remark must be made concerning the Circuit Court's subsequent conclusion. Granting that the trial court had identified the property so as to give vitality to its judgment, the Circuit Court remained of the opinion that the result was not affected since no intervenor had come forward at the time the petition was filed and, therefore, under the statute the property would have to be returned to the defendant Koch. As a *cestui* of the receiver's trust she is at most a contingent remainderman. The defrauded stockholders are the primary beneficiaries, and after they have established their claims and received their distributive shares the balance, if any, in the hands of the receiver must then be returned to her. That no intervenor had appeared at the time the petition was filed is of no consequence to the principal issue of title. Moreover, it should be noted that the injunctive orders obtained by the defendant Koch soon after the entry of judgment prevented the receiver from taking the necessary steps to administer the trust. It would have been futile while the question of their title was in litigation for stockholders to intervene. Finally, the period in which they may be allowed to intervene and file their claims is a matter for the State courts to prescribe. It may adopt such reasonable rules with regard to notice and filing as the case demands.

I accordingly reach the conclusion that the opinions of the Circuit Court are not decisive of the motion at hand. As to the defendant

Koch, discharging the receiver at this time in view of her intention to seek leave to appeal to the United States Supreme Court is plainly premature. As to the corporate defendants, who were not before the Circuit Court of Appeals, its decision is not binding upon this court. The judgment in this action against these defendants is still in full force and effect. The motion to amend that judgment, it is true, has been denied. Said denial cannot, however, deprive the judgment of whatever effect it may have without any amendment. As I have already indicated, the application to amend was superfluous because the judgment, when read with the findings, unmistakably vested the receiver with title to identified property. Although there is language in the opinion denying the motion to amend which indicates an interpretation of the Martin Act contrary to mine, said language is clearly dictum for the denial of the amendment was based upon the ground that it is improper to incorporate a finding of fact in a judgment.

The motion is denied.