PANAMA RAILROAD COMPANY, Respondent, *v.* RICHARD L. JOHNSON, Appellant.

*Complaint for embezzlement and fraudulent misapplication of money — proof required of the plaintiff — exception to a charge to the jury bringing in a sealed verdict.*

In order to recover, in an action in which the defendant is charged to have embezzled and fraudulently misapplied the plaintiff's money while acting as its agent, it is necessary for the plaintiff to establish, not only the receipt of the money by the defendant, but its embezzlement or fraudulent misapplication by him; and the burden of proof during the whole progress of the trial rests upon the plaintiff to establish those two propositions.

An entirely different rule prevails in an action for money had and received.

A defendant has a right to take exceptions to the charge of the court, at the time when the jury bring in a sealed verdict, they having been allowed to separate.

APPEAL by the defendant from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 3d day of February, 1890, in favor of the plaintiff, for the sum of $2,319.30 ; and also from an order, entered in said clerk's office on the 28th day of January, 1890, denying the defendant's motion for a new trial made upon the minutes of the court, after a trial at the New York Circuit before the court and a jury.

*H. C. Willcox*, for the appellant.

*T. S. Moore*, for the respondent.

VAN BRUNT, P. J. :

This action was brought to recover the sum of $5,200 alleged to have been received by the defendant as agent of the plaintiff, and to have been by him embezzled and fraudulently misapplied.

Upon the trial evidence was introduced to show the receipt by the defendant of the sums of money referred to in the complaint. The defendant denied the embezzlement and misappropriation, and offered proof in support of such denial. The jury rendered a verdict showing that they found in favor of the defendant upon one item charged against him and in favor of the plaintiff upon two other items And from the judgment thereupon entered and from the order denying a motion for new trial this appeal is taken.

It seems to have been assumed upon the trial that the complaint was sufficient to justify proof, under section 549 of the Code, that the money received by the defendant had been embezzled and fraudulently misapplied while he was acting in a fiduciary capacity. Without in any way assenting to this proposition, we will consider some of the exceptions which were raised during the progress of the trial, assuming the complaint to have been sufficient to charge the defendant as above stated. There was no question raised upon the trial but that the defendant had received the sums of money charged in the complaint, and the question submitted to the jury was whether he had embezzled or fraudulently misapplied the same.

In order for the plaintiff to succeed it was necessary that it should establish, to the satisfaction of the jury, not only the receipt of the

money, but its embezzlement or fraudulent misapplication by the defendant, and the burden of proof rested during the whole progress of the trial upon the plaintiff to establish these two propositions. If this had been an action for money had and received to the use of the plaintiff, and it had been tried upon that theory, then all that the plaintiff would have had to have done would be to show that the defendant had received the money, and the burden would then have been upon the defendant to have shown that he had either paid the money to the plaintiff or applied the same to its use.

We think the distinction between the two kinds of action was entirely lost sight of during the progress of the trial, and that the learned court erred when it charged the jury, that it having been shown that the defendant had received the two items for which they found a verdict in favor of the plaintiff, it was incumbent on the defendant to show by a preponderance of evidence that he had paid the money over to the benefit of the company. In order to charge an agent with embezzlement, it is necessary not only to show that he has received the money, but also that he has refused to pay the same upon demand or that he has misapplied the same; and the burden of establishing these propositions rests upon the plaintiff notwithstanding the admission of the defendant that he received the moneys claimed to have been embezzled. In other words, in an action for embezzlement or misapplication of money by an agent there is no such thing as a shifting of the burden of proof. The plaintiff must establish his whole case, and that case includes the establishment to the satisfaction of the jury of the embezzlement or misapplication of the money as well as its receipt. An entirely different rule prevails in an action for money had and received. There the same rule applies as in the case of every debtor, namely, that he is bound to show payment if he claims such a defense; an entirely different condition of circumstances from that which exists in an action like the present was assumed to be, namely, an action to recover for money embezzled by an agent acting in a fiduciary capacity.

The jury were erroneously instructed upon this point. It was an error which was of vital importance to the defendant. The importance of this question is shown by the verdict of the jury, where they find in favor of the defendant upon the third item, as to which the

court charged that the burden of proof was all the time upon the plaintiff.

There was another question raised during the progress of the trial, and that was the right of the defendant to take exceptions when the jury brought in a sealed verdict, they having been allowed to separate. Such a right was claimed to be recognized by a provision of the Code, which is assumed to be a new provision enacted for the first time upon the adoption of the present Code.

It will be seen that that provision has existed ever since the adoption of the Revised Statutes, and, in view of its terms, we do not see how a party can be prevented from taking an exception expressly authorized.

The judgment and order should be reversed and a new trial ordered, with costs to appellant to abide event.

BRADY and DANIELS, JJ., concurred.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.