(109 App. Div. 444)

## TWADDELL v. WEIDLER.

(Supreme Court, Appellate Division, Third Department. November 15, 1905.)

**1. TRIAL—INSTRUCTIONS.**

In an action for the possession of notes, where defendant claimed to have received them from plaintiff's brother, an exception to the court's statement relative to the obtaining of title to the notes by the brother, substantially that, if he obtained the notes in the manner claimed by plaintiff, then the defendant did not obtain a valid title, did not direct the court's attention to the failure to submit the question of defendant's bona fides to the jury, or express a desire that such question be submitted.

**2. APPEAL—THEORY AND GROUNDS OF DECISION IN LOWER COURT**

Defendant, having rested his case on the court's charge and having been defeated, cannot urge on appeal that another question should have been submitted, which, if resolved in his favor, would have entitled him to a verdict.

[Ed. Note.—For cases in point, see vol. 2, Cent. Dig. Appeal and Error, § 1426.]

**3. EVIDENCE—HEARSAY.**

In an action for the recovery of notes given for the purchase price of property, which plaintiff claimed under will, the memorandum by the surrogate's clerk, on the petition of plaintiff in her application for letters testamentary, was properly excluded as hearsay.

**4. WITNESSES—PRIVILEGED COMMUNICATIONS—WAIVER OF PRIVILEGE.**

In an action for the possession of notes given for the purchase price of property, which plaintiff claimed under her mother's will, testimony of a physician as to the mother's condition when she executed a bill of sale of the property, was properly admitted on the waiver of professional secrecy by plaintiff as executrix.

[Ed. Note.—For cases in point, see vol. 50, Cent. Dig. Witnesses, § 781.]

**5. EVIDENCE—RES GESTÆ.**

In an action for possession of notes, which defendant claimed to have received from plaintiff's brother, testimony as to what occurred at the time of an attempted execution of a power of attorney was admissible as res gestæ, where it appeared that the bill of sale in question was afterwards executed on the statement of the brother that it was the same paper which was discussed with witness at the time.

Appeal from Trial Term, Ulster County.

Action by Josephine E. Twaddell against John Weidler. From a judgment for plaintiff, and from an order denying defendant's motion for a new trial, he appeals. Affirmed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Frank H. Renman (A. T. Clearwater, of counsel), for appellant.
John G. Van Etten, for respondent.

SMITH, J. Plaintiff has recovered judgment awarding her possession of three notes of $500 each, made to her order by one Mary C. Eagan. In June, 1902, the plaintiff negotiated with the said Mary C. Eagan the sale of a floating bath in the city of New York. Upon that sale $1,200 in cash was paid to the plaintiff, and the three notes in question were given to her as part of the purchase price. These notes were indorsed by the plaintiff in blank. They afterwards came into the possession of the defendant, who held them at the time of the commence-

ment of the action, claiming to have received them from a brother of the plaintiff, to wit, one Charles E. Krack. The evidence of the plaintiff was to the effect that these notes were feloniously taken from her possession by the said Charles E. Krack, and that the defendant had neither the title nor the right to the possession of the same. The plaintiff claimed the title to the floating bath in question under the last will and testament of her mother, Sarah Krack, who was confessedly at one time the owner of this bath. In said last will, with the exception of a $10 legacy to her brother, this plaintiff was the sole legatee. After the plaintiff had given evidence of the receipt and her possession of these notes, and of the unlawful abstraction thereof by Charles E. Krack, the defendant offered proof of the formation of a corporation, called the Knickerbocker Bathing Company, in which 980 shares, substantially all of the stock of said corporation, were originally issued to Sarah Krack. He further produced in evidence a bill of sale of this bath by Sarah Krack to this corporation, the transfer of the stock of the said Sarah Krack to a third party for the benefit of Charles Krack, and the final transfer of the stock of said corporation to the defendant himself as collateral security to notes which Charles Krack had given to him for moneys borrowed. The defendant's argument is that, if Charles Krack was the beneficial owner of the stock of this bathing company, and if this bathing company had the legal title to these baths, the sale by the plaintiff of the bath must have been for the benefit of Charles Krack, and therefore Charles Krack had the right to the possession of these notes when they were once taken by the plaintiff from Mary C. Eagan, the purchaser. In answer to this contention of the defendant, the plaintiff offered proof to the effect that the bill of sale of this bath to the Knickerbocker Bathing Company was procured by fraud and false representation. The trial court practically submitted to the jury two questions: First. As to whether the bill of sale by Sarah Krack to the Knickerbocker Bathing Company was her free act, or was procured from her by fraud and false representation. The court charged substantially that, if such bill of sale were her free act, Charles Krack was the beneficial owner of the bathing house, became entitled to the possession of these notes, was entitled to transfer his rights to the defendant, and that plaintiff could not recover. Second. The court charged that, if this bill of sale was not the free act of Sarah Krack, and the floating bath passed to the plaintiff under the will of her mother, Sarah Krack, nevertheless the presumption was that the lawful title to the notes was in the defendant, and the plaintiff must show affirmatively that the notes were taken from her possession without her authority. The jury was told, in effect, even if they should find that this bath was the property of the plaintiff, nevertheless, unless the notes were stolen by Charles Krack from the plaintiff, the plaintiff could not recover the possession thereof. The jury has found both that the bill of sale of this floating bath to the Knickerbocker Bathing Company was not the free act of Sarah Krack, but was induced by the fraud and misrepresentation of her son, Charles Krack, and has also found that these notes were feloniously taken from the possession of the plaintiff by the said Charles Krack. When the case was submitted to the jury, no exception was taken by the defendant's counsel to

any proposition of law charged, nor was any request made that the judge should charge any other or different proposition of law than he had charged. After the jury had returned into court prepared to give their verdict, the defendant's attorney took an exception to the submission of the case to the jury, "and to what your honor said relative to the obtaining of the title of the notes of Charles E. Krack, substantially, in effect, that if he obtained the notes in the manner in which the plaintiff and her witnesses claim, then the defendant did not obtain a valid title. I don't remember the language." This exception is urged by the appellant's attorney as ground for the reversal of this judgment. An examination of the charge, however, discloses that the court charged no such rule of law. After submitting to the jury the question of the manner in which Charles Krack became possessed of these notes, the court said:

"That still leaves open, as I have explained to you, the question of whether he had the right to take them; that is, as to whether or not the title to the bath, for the purchase price of which they were given, was in him or in the corporation, which was practically the same thing, or whether the title was in his sister, the plaintiff in this action."

The defendant contends upon this appeal that the court in its charge ignored the right of the defendant to the possession of these notes as a bona fide holder for value, irrespective of the finding of the jury upon the questions submitted to them. The respondent does not question the legal proposition which the appellant asserts, that if the defendant were a bona fide holder of these notes, the plaintiff could not recover, whether or not they were abstracted from the plaintiff by Charles Krack, and whether or not the plaintiff was the lawful owner of the floating bath at the time of the sale. The question as to the bona fides of the defendant was not submitted to the jury. There was no request by defendant's counsel that the question should be submitted to the jury. No exception whatever was taken to the charge of the court, except the exception noted above. Defendant contends that this exception is sufficient notice upon which the failure of the court to submit this question to the jury made be raised. But this exception was not taken until the jury had returned ready to render a verdict. While an exception may lawfully be taken at any time before a verdict, when taken at this time, after an apparent acquiescence in the charge of the court, the exception should receive a strict construction. But, whether construed strictly or liberally, we are unable to see that the exception called the attention of the court in any way to its failure to submit the question of the defendant's bona fides to the jury, or contains by implication even the expression of a desire on the part of the defendant that such question might be submitted. Moreover, an examination of the testimony discloses a very good reason for the position then assumed by the defendant's counsel. This defendant was himself the treasurer of this Knickerbocker Bathing Company from 1901 to September, 1903. He was the treasurer at the time of the sale of this bath by the plaintiff to Mary C. Eagan. He must have known of the sale; at least, he knew that the corporation was receiving nothing for the baths, and that alone was sufficient to put him upon inquiry as to all facts concerning these notes taken for its sale. His testimony that a loan of $2,250 upon se-

curity about which he made no inquiry, upon the note of a man of whose financial responsibility he confesses that he knew nothing—all the surrounding circumstances—are sufficient to cast such a cloud over the defendant's title that he was undoubtedly very willing to leave the case upon the charge of the court, which precluded a recovery by the plaintiff except upon the proof both of the fraud of Charles Krack in obtaining the bill of sale from his mother to the corporation, and upon proof that Charles Krack had feloniously abstracted these notes from the plaintiff. Upon his motion for a new trial, the defendant made no complaint that the question of his bona fides had not been submitted to the jury. Having been content to rest his case upon the charge of the trial court as it was made, and having been defeated, he cannot upon his appeal be heard to urge that another question should have been submitted to the jury, which, if resolved by the jury in his favor, would have entitled him to a verdict. This is not a case where the court in its plenary power should grant a new trial for lack of full presentation of the case through inadvertence of counsel. The defendant was represented by one of the ablest and most experienced members of the bar of the state, and there is little doubt that, if any question was passed over by the court, it was passed over by the consent of defendant's counsel, and not by inadvertence.

Several exceptions are urged to the rulings of the court in admitting and excluding evidence. The memorandum by the surrogate's clerk upon the back of the petition of the plaintiff in her application for letters testamentary was properly excluded as hearsay evidence. The testimony of the physician as to the condition of Sarah Krack at and about the time she executed this bill of sale was properly admitted upon the waiver of professional secrecy by the plaintiff as the executor of Sarah Krack. The testimony of Nash as to what occurred at the time of the attempted execution of the power of attorney was admissible as part of the res gestæ, as it appears that the bill of sale of the bathhouse to the Knickerbocker Bathing Company in question was afterwards executed upon the statement of Charles Krack that it was the same paper which was discussed with Nash at this time. We have examined the other exceptions to which reference is made, and find no error which calls for the reversal of this judgment.

The judgment and order should therefore be affirmed, with costs. All concur; HOUGHTON, J., not voting, not being a member of this court at the time the decision is handed down.