McDONALD v. HYGIENIC ICE & REFRIGERATING CO.

(Supreme Court, Appellate Division, Third Department.   December 28, 1911.)

1. JUDGMENT (§ 562*)—RES JUDICATA—CONCLUSIVENESS OF DETERMINATION.
   A party setting up a prior judgment as a bar to a pending action must show a judicial determination of the questions involved, and that the judgment was on the merits.
   [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1009; Dec. Dig. § 562.*]

2. JUDGMENT (§ 585*)—RES JUDICATA—CONCLUSIVENESS OF DETERMINATION..
   A party setting up a prior judgment as a bar must show affirmatively, either by the record itself or by extrinsic evidence, the ground on which the prior action proceeded to judgment, and, where there is uncertainty as to whether the precise question in a pending suit was raised and passed on in the prior action, the judgment is not conclusive.
   [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1094; Dec. Dig. § 585.*]

3. JUDGMENT (§ 956*)—RES JUDICATA—CONCLUSIVENESS OF DETERMINATION.
   The record of a court, which shows the granting of a motion for nonsuit, first made at the close of plaintiff's case and renewed at the close of all the testimony, and the dismissal of the action on the merits and a judgment for defendant. fails to show on its face which of the two determinations was actually made, and defendant, relying on the judgment as a bar, must show by extrinsic evidence that the merits were passed on.
   [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1822–1825; Dec. Dig. § 956.*]

4. JUDGMENT (§ 956*)—RES JUDICATA—CONCLUSIVENESS OF DETERMINATION.
   Where the record of a court showed that its judgment might have been rendered on the merits or on a ground not involving the merits, the presumption is that the judgment was not on the merits, and a party relying on the judgment as a bar must show by extrinsic evidence, consistent with the judgment roll, that the judgment was on the merits.
   [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1822–1825; Dec. Dig. § 956.*]

   Smith, P. J., and Kellogg, J., dissenting.

Appeal from Trial Term, Albany County.

Action by Joseph McDonald against the Hygienic Ice & Refrigerating Company.   From a judgment dismissing the complaint, plaintiff appeals.   Reversed, and new trial granted.

The action was brought to recover for personal injuries sustained by the plaintiff while in the employ of the defendant.   Upon the trial the defendant introduced in evidence the original docket of the justice of the City Court of Albany, by which it appeared that on the 12th day of November, 1910, an action was commenced in that court, in which Joseph McDonald was plaintiff and the defendant in this action was defendant, to recover $1,000 damages for the same injuries; that the action was brought to trial December 1, 1910, and at the close of the testimony upon the part of the plaintiff the defendant moved for a nonsuit on the ground that facts sufficient had not been proved to constitute a cause of action, and that no negligence on the part of the defendant had been proved from the testimony of the plaintiff's own witnesses; that by consent the decision of the motion was reserved until the close of the testimony; that the same motion was renewed on the same ground at the close of the whole case; and that the decision of that motion was also reserved.   The docket, which is the only evidence of what took place thereafter, then proceeds: "December 15, 1910, mo-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tion for nonsuit granted. Action dismissed on the merits. Judgment for defendant, costs $25.00." The court held that the judgment of the City Court is a bar to the present action, and granted the motion of the defendant for a nonsuit upon that ground.

Argued before SMITH, P. J., and KELLOGG, SEWELL, HOUGHTON, and BETTS, JJ.

Henry J. Crawford, for appellant.
George Lawyer, for respondent.

SEWELL, J. We are of the opinion that the trial court erred in holding that the judgment in question is a bar to a litigation of the question in this action.

[1] It is well settled that it is not sufficient for a party who sets up a prior judgment as a bar or seeks to introduce it as conclusive evidence to produce a record showing a judicial determination of the questions litigated. He must further show that the judgment was rendered upon the merits. Genet v. Delaware & Hudson Co., 170 N. Y. 278, 63 N. E. 350; Rudd v. Cornell, 171 N. Y. 114, 63 N. E. 823.

[2] In such a case it is necessary that the ground upon which the action proceeded to judgment should affirmatively appear either from the record itself or from extrinsic evidence. Stowell v. Chamberlain, 60 N. Y. 272; Bell v. Merrifield, 109 N. Y. 202, 16 N. E. 55, 4 Am. St. Rep. 436. If there be uncertainty as to whether or not the precise question was raised and passed upon in the former action, the judgment is not conclusive. Lewis v. Ocean Navigation & Pier Co., 125 N. Y. 348, 26 N. E. 301.

[3] The record of the prior suit produced by the defendant shows two judicial determinations—one the result of a motion, distinctly and expressly made, for a nonsuit; the other, following it, and purporting to be on the merits. It is difficult to understand how the court could have dismissed the action on the merits after it had disposed of the case upon the motion for a nonsuit. It is not necessary, however, to rest our decision upon this proposition. It is a sufficient answer to the contention of the defendant that the judgment in question is a bar to say that the defendant failed to show which of the two different and distinct determinations in the record was actually made. There was, at least, an uncertainty as to whether the judgment was rendered on the merits or was a mere nonsuit. Moreover, no extrinsic evidence was produced to rebut the presumption from the face of the record that the merits were not passed upon.

[4] In Clark v. Scovill, 198 N. Y. 279, 91 N. E. 800, it was held that in determining whether a judgment is a bar the judgment roll is the primary, but not the exclusive, guide, and, when it appears therefrom that the judgment might have been rendered on the merits or upon a ground not involving the merits, the presumption is that it was not upon the merits, and the burden is upon the one claiming it is a bar to show by extrinsic evidence consistent with this judgment roll that it was in fact rendered on the merits. We think that the judgment invoked as a bar was in legal effect a mere nonsuit, and therefore

it did not operate as an adjudication in favor of the defendant upon the questions litigated·in that action.

It follows that the judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur, except SMITH, P. J., and KELLOGG, J., dissenting.