H. Gordon Smith, Appellant, v. William S. Kirkpatrick, Respondent.

Argued October 22, 1952; decided February 26, 1953.

*Samuel D. Smoleff* and *Martin H. Selman* for appellant. I. There has concededly been no adjudication on the merits of the present claim. (*Franken-Karch Corp.* v. *Castriotis*, 195 App. Div. 529; *Barnes* v. *Alexander*, 232 U. S. 117.) II. There has been no election of remedies. (*Schenck* v. *State Line Tel. Co.*, 238 N. Y. 308; *Matter of Tate* v. *Estate of Dickens*, 276 App. Div. 94.)

*Frank O. Fredericks* and *Richard Kulze* for respondent. I. There has been a binding election of remedies. (*Matter of Tate* v. *Estate of Dickens*, 276 App. Div. 94; *United States* v. *Oregon Lumber Co.*, 260 U. S. 290.) II. The final dismissal of the complaint in the prior action is *res judicata*. (*Eissing Chemical Co.* v. *People's Nat. Bank of Brooklyn*, 205 App. Div. 89; *Lipkind* v. *Ward*, 256 App. Div. 74; *Frost* v. *Bankers Commercial Corp.*, 194 F. 2d 505.)

CONWAY, J. Plaintiff originally instituted an action against defendant seeking recovery of moneys allegedly due him under a contract of employment. The complaint (hereinafter referred to as the first complaint) alleged that the contract required plaintiff to devote his full time and attention to defendant's business; to solicit export accounts for defendant " with a view to defendant acting as export manager for American manufacturers and purchasing agent for foreign clients "; that plaintiff's remuneration was to be 50% of the income derived from business procured by plaintiff; that over a period of ten months and in compliance with the contract plaintiff solicited for defendant accounts from which an income of $26,000 was or would be derived and that, with the exception of certain payments, defendant failed to compensate plaintiff as agreed.

Defendant denied the existence of the agreement and upon motion made by him for summary judgment, the complaint was dismissed for the reason that the agreement pleaded therein did not comply with the Statute of Frauds. Thereupon plaintiff submitted a proposed order to Special Term granting him leave to serve an amended complaint so that he might sue for the value of his services.

Thereafter, plaintiff served his amended complaint (hereinafter referred to as the *second complaint*) setting forth two causes of action, neither of which sought recovery in " quantum meruit ". For a first cause of action, it was alleged that " plaintiff and defendant had an informal oral arrangement [terminable at will] whereby plaintiff conducted some of his business through defendant's office, paying to defendant, as compensation for such use of his office, fifty (50%) percent of the gross profits of any of plaintiff's business handled through defendant's office "; that the business so handled was to be conducted under the name of W. S. Kirkpatrick & Co. but would remain the property of plaintiff; that W. S. Kirkpatrick & Co. earned commissions and profits from accounts obtained by plaintiff but defendant failed to account therefor and appropriated to himself business belonging to plaintiff. As a second cause of action, plaintiff alleged an oral agreement of joint venture the substance of which is essentially the same as that of the agreement alleged in the first cause of action. The relief sought was an accounting, judgment for such sums as were found due, and an order

directing defendant to assign to plaintiff such contracts, agreements and arrangements as had been entered into with persons whose accounts had been procured by plaintiff.

A trial was had without a jury and proofs were submitted by both parties. The Justice Presiding directed judgment for defendant and dismissed plaintiff's second complaint upon the merits for the reason that "plaintiff has failed to establish his causes of action by a fair preponderance of the credible evidence." The Justice wrote: "It is clear to the court that the original position taken by the plaintiff correctly represented the relationship between the parties but, unfortunately for the plaintiff, that action was barred by the statute of frauds. * * * It ought to be stated, however, in fairness to the plaintiff, that the defendant was clearly guilty of overreaching the plaintiff, but the bar of the statute of frauds and the failure on the part of the plaintiff to proceed on the theory of quantum meruit have given to the defendant a windfall which in business morals and good conscience he is not entitled to."

Plaintiff took no appeal and subsequently commenced the present action seeking to recover the reasonable value of services rendered by him to defendant at defendant's request. Before answering, defendant moved under rule 107 of the Rules of Civil Practice to dismiss the complaint on the ground of *res judicata* and, in the alternative, moved under rule 103 to strike irrelevant, unnecessary and prejudicial matter from the complaint. Upon appeal from the denial of that motion by Special Term, the Appellate Division reversed and dismissed the complaint.

There are two questions presented for our consideration (1) whether the present action is barred by the rule of *res judicata* and, if not so barred, (2) whether by proceeding to judgment on the theories embodied in his second complaint, plaintiff lost what right he had to maintain an action in *quantum meruit*. We have reached the conclusion that the present action must be permitted to continue. It seems to us that had plaintiff in his first complaint pleaded three causes of action: the first on a contract of employment, the second to establish a partnership and to obtain an accounting, and the third to establish that plaintiff and defendant were joint venturers, and on the trial the first had been dismissed because within the Statute of Frauds, and judgment entered against the plaintiff on the

other two because he had failed to establish the existence of the agreements alleged, it would be more readily seen that an action for *quantum meruit* would still lie. If that be so, the fact that the same position was reached after two actions had been brought by plaintiff should not affect the result.

It is familiar law that where a cause of action has been prosecuted to a final adjudication on the merits, the *same cause of action* may not be again litigated. It is said that the prior adjudication is conclusive as to all things which might have been litigated as well as those actually litigated but that where a subsequent proceeding is had upon a different cause of action between the same parties or their privies only such things as were actually and necessarily determined in the prior proceeding are held to be concluded (*Cromwell* v. *County of Sac*, 94 U. S. 351; 2 Freeman on Judgments [5th ed.], p. 1453; Collateral Estoppel by Judgment, 56 Harv. L. Rev. 1, 2–3).

The determination of what constitutes the '' same '' or '' different '' causes of action is not a matter free from difficulty. The definition of the term '' cause of action '' is a variable one and depends upon the context in which it appears. (*Abrams* v. *Maryland Cas. Co.*, 300 N. Y. 80, 86.) The test for determining whether or not '' causes of action '' are the '' same '' for purposes of *res judicata* has been variously expressed. In *De Coss* v. *Turner & Blanchard* (267 N. Y. 207, 211), where an employee twice sought recovery against his employer for the same injury, alleging first that injury was caused by the employer's failure to provide a safe place to work and alleging next that it resulted from the carelessness of a fellow employee, we held that the matter was *res judicata,* Judge LEHMAN quoting with approval the following definition: '' ' A cause of action does not consist of facts, but the unlawful violation of a right which the facts show.' The number and variety of the facts alleged do not establish more than one cause of action so long as their result, though they be considered severally or in combination, is the violation of but one right by a single legal wrong.' '' It has also been said that '' there is an identity of causes of action when in both the old and new proceedings the subject-matter and the ultimate issues are the same * * *.'' (Res Judicata, 38 Yale L. J. 299, 313–314.) And in the leading case of *Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.* (250 N. Y. 304,

306–307, CARDOZO, Ch. J.), we said that a " judgment in one action is conclusive in a later one not only as to any matters actually litigated therein, but also as to any that might have been so litigated, when the two causes of action have such a measure of identity that a different judgment in the second would destroy or impair rights or interests established by the first (*Cromwell* v. *County of Sac,* 94 U. S. 351; *Reich* v. *Cochran, supra* [151 N. Y. 122]). It is not conclusive, however, to the same extent when the two causes of action are different, not in form only [case cited], but in the rights and interests affected. The estoppel is limited in such circumstances to the point actually determined  *  *  *." See to like effect *Karameros* v. *Luther* (279 N. Y. 87, 91).

By his second complaint, the plaintiff sought to enforce a right which arose out of an express agreement and from defendant's asserted ownership of accounts procured by him. Defendant's alleged wrong was the misappropriation of those accounts and the proceeds thereof. Plaintiff's right to all profits, save the 50% intended to compensate defendant for the use of his facilities, sprang from an alleged relationship, established by the express agreement, which, though vaguely expressed in the complaint, appears to have been in the nature of that existing between joint venturers, partners or landlord and tenant. The redress sought was, as we have seen, an accounting, judgment for moneys found due in accordance with the terms fixed by the agreement and the transfer of accounts belonging to plaintiff. In that action it was determined that defendant had no liability by reason of his being a party to the relationships alleged and that plaintiff's title to the accounts was not superior to that of defendant.

In the present action plaintiff's alleged right rests upon an implied contract. The relationship allegedly existing between the parties is somewhat analogous to that found between master and servant. The wrong alleged is defendant's acceptance and retention of benefits, conferred upon him by plaintiff, without payment in return of fair compensation. The relief now sought is merely the reasonable value of the services rendered to defendant at his request or with his consent.

The two actions involve different " rights " and " wrongs ". The requisite elements of proof and hence the evidence necessary to sustain recovery vary materially. The causes of action are different and distinct and the rights and interests established by the previous adjudication will not be impaired by a recovery, if that be the outcome, in *quantum meruit*. We think that this conclusion is dictated by the foregoing general authorities and analyses of the complaints, and that further support is to be found in those following which bear more specifically on the matter before us. (*Sielcken-Schwarz* v. *American Factors,* 265 N. Y. 239; *Young* v. *Farwell,* 165 N. Y. 341; *Marsh* v. *Masterton,* 101 N. Y. 401; *Bialostok* v. *Wolfer,* 191 Misc. 385, FROESSEL, J.; 2 Freeman on Judgments [5th ed.], § 736, pp. 1552–1553.)

Having concluded that the present complaint does not embody the same cause of action, or a cause of action which bears such a measure of identity with those set forth in the second complaint that the matters embodied in the present complaint are matters which " might have been litigated " before, the question is whether the matters actually determined are fatal to the instant action. We think not. Plaintiff's failure to recover on the causes stated in his second complaint was due to the fact that he did not establish the existence of the arrangements therein alleged. The decision was not that plaintiff failed to prove compliance with an existing agreement. It was not decided that no services were rendered to defendant with his consent, nor that the services rendered conferred no benefit upon the defendant — those matters are still open and it is those which plaintiff now seeks to prove.

Defendant does not urge that the determination of Special Term — that the contract alleged in the first complaint failed to comply with the Statute of Frauds — bars the present action. Indeed he could not. Upon the dismissal of the first complaint, plaintiff was given leave to amend. There was no final adjudication on the merits. The conclusiveness of the determination dismissing the first complaint is confined to the precise issue then determined. That being so, the order of dismissal is conclusive only as to the point that the contract alleged in the first complaint did not comply with the Statute of Frauds.

That narrow determination is insufficient to preclude the present action, the plaintiff here being entitled to a construction of his complaint most favorable to him.

We turn now to the question of whether or not, having attempted and failed to succeed on the causes involved in the second complaint, plaintiff should be held to have elected his remedy and thus to have lost his right to sue in *quantum meruit*.

In *American Woolen Co.* v. *Samuelsohn* (226 N. Y. 61, 66), the doctrine of election of remedies was expressed in these words:

"An election of remedies takes place when a choice is exercised between remedies which proceed upon irreconcilable claims of right.

"When an election is made between such claims, with full knowledge of all the facts, an action may not thereafter be maintained upon the inconsistent claim."

Although stating different causes of action, the second complaint is not so inconsistent or irreconcilable with the complaint in the present action in *quantum meruit* that the choice of the former action precludes resort to the present one. Both complaints assumed basically that there existed between the plaintiff and defendant a contractual relationship, and that defendant had reaped benefits at plaintiff's expense. In this State where a litigant fails to establish the right to recover upon an express contract he may, in the same action, recover in *quantum meruit*. (*Harmon* v. *Peats Co.*, 243 N. Y. 473, 476; *McKeon* v. *Van Slyck*, 223 N. Y. 392, 399, 401.) If warranted by the pleadings and proof, the case may be submitted to a jury on both theories and an election need not be made. (See *McKeon* v. *Van Slyck*, *supra; Sturtevant* v. *Fiss, Doerr & Carroll Horse Co.*, 173 App. Div. 113, 115; *Byrne* v. *Gillies Co.*, 144 App. Div. 677, 678; *Walar* v. *Rechnitz*, 126 App. Div. 424; 1 Nichols on New York Practice, p. 1085.) In *Walar* v. *Rechnitz* (*supra*), where it was indicated that a plaintiff should not be required to elect but should be allowed to attempt recovery, in the same action, on express contract or in *quantum meruit*, it was suggested (p. 426) that after an adverse judgment in an action strictly limited to the theory of express contract a *new* action in *quantum meruit* could yet be maintained. (See, also, Restatement, Judgments, § 65, comment j.) It is thus clear that there exists no such

irreconcilable inconsistency between the claims asserted by plaintiff in the present and former actions that he may be held to have made an election.

Moreover, where a litigant pursues a remedy which is unavailable because it is inappropriate to the facts alleged and sought to be proved, there is no election (*Henry* v. *Herrington,* 193 N. Y. 218). And where, as in the case before us, the remedy sought is unavailable because the facts turn out to be different from those supposed by plaintiff, the same rule has been applied, and properly so (*Matter of Tate* v. *Estate of Dickens,* 276 App. Div. 94).

We have said that the doctrine of election of remedies is a harsh one and should not be extended (*Metropolitan Life Ins. Co.* v. *Childs Co.,* 230 N. Y. 285, 291). It has been criticized and the Legislature has indicated its disfavor for at least certain aspects of the doctrine by the enactment of sections 112-a–112-d of the Civil Practice Act. It is interesting to note that the Law Revision Commission, in proposing the passage of sections 112-a–112-d, expressed the following view (1939 Report of N. Y. Law Revision Comm., p. 213): "The danger of injustice is most acute where the *unsuccessful* invocation of a remedy — the election of a remedy that turns out to be *unavailable* — is held to bar the subsequent enforcement of another remedy." The commission stated that inasmuch as the decisions in the cases of *Schenck* v. *State Line Tel. Co.* (238 N. Y. 308), and *Clark* v. *Kirby* (243 N. Y. 295), would discourage and, in doubtful cases, restrict the application of the doctrine, no general legislation was suggested. The proposals made were confined to those cases where lines of decision of long standing indicated to the commission that it was probable that legislation was required to effect a change. (See, also, *Fitzgerald* v. *Title Guar. & Trust Co.,* 290 N. Y. 376.) We are of the opinion that this is not a proper case for the application of the doctrine.

The judgment of the Appellate Division should be reversed and the order of Special Term affirmed, with costs in this court and in the Appellate Division.

Loughran, Ch. J., Lewis, Desmond, Dye, Fuld and Froessel, JJ., concur.

Judgment accordingly. [See 305 N. Y. 926.]