■ In the Matter of MARTIN McDONOUGH, Respondent, against JACOB PLOTNICK et al., Appellants.— Appeal from an order of the Domestic Relations Court of the City of New York, Children's Court Division, County of Kings, adjudicating that the two children of appellants are neglected and continuing the matter for investigation and examination. Appeal dismissed, without costs. The order is not a final order or judgment. (N. Y. City Dom. Rel. Ct. Act, § 58; Matter of Sullivan v. Sullivan, 4 A D 2d 785.) Nolan, P. J., Ughetta, Hallinan and Kleinfeld, JJ., concur; Beldock, J., dissents and votes to reverse the order and to dismiss the petition, with the following memorandum: In my opinion, the portion of the order of November 24, 1958 adjudicating that the two children are neglected is final within the meaning of section 58 of the Domestic Relations Court Act of the City of New York and is, therefore, appealable. To dismiss this appeal despite the fact that this court is unanimously of the opinion that the determination below is based on extraneous hearsay matters not alleged in the petition and, therefore, that there is no competent evidence to sustain any of the essential specifications of the petition seems to me to be an unjust result. Since the determination seriously affects the welfare of children and their parents, a dismissal of the appeal of the parents from a patently erroneous adjudication is a result which should be avoided.

■ In the Matter of the Probate of the Will of CONRAD STIFNIG, Deceased. FERDINAND VECCHIONE, Appellant; IRVING R. ROSENTHAL, as Public Administrator of Kings County, et al., Respondents.— In a proceeding to probate a lost will, the proponent and alleged sole legatee and devisee appeals, as limited by his brief, from so much of an order made on reargument as denied his motion to strike out the several appearances and objections to probate of the respondents upon the ground that none of them established sufficient interest (Surrogate's Ct. Act, § 147) or kinship as to warrant their appearances or objections. Order insofar as appealed from affirmed, with separate bills of $10 costs and disbursements to respondents Public Administrator and Special Guardian, payable out of the estate. No opinion. Nolan, P. J., Murphy, Hallinan and Kleinfeld, JJ., concur.

■ GEORGE KARPIS, Respondent, v. BUNGALOW BAR CORPORATION OF AMERICA et al., Appellants, et al., Defendant.— Appeal from so much of an order as denied appellants' motion to dismiss the complaint on the ground of res judicata (Rules Civ. Prac., rule 107, subd. 4). Order insofar as appealed from affirmed, with $10 costs and disbursements. The defense of res judicata has no possible application to the fourth cause of action pleaded, and the motion to dismiss on that ground, having been addressed to the complaint as a whole, was properly denied. (Cf. Andrews v. 98 Montague, 282 App. Div. 1066; Oshins v. Zimmerman, 284 App. Div. 989; Adamo v. P. G. Motor Frgt., 4 A D 2d 758.) Moreover, in our opinion, the other causes of action alleged are not barred by the doctrine of res judicata. The judgment of the City Court of the City of New York, relied upon by appellants, involved a cause of action different from those here alleged, and the issues in the instant case were not there decided nor necessarily involved. (Cf. Schuylkill Fuel Corp. v. Nieberg Realty Corp., 250 N. Y. 304; Smith v. Kirkpatrick, 305 N. Y. 66; Cromwell v. County of Sac, 94 U. S. 351.) Nolan, P. J., Wenzel, Murphy, Hallinan and Kleinfeld, JJ., concur.