■ MICHAEL P. GRACE, II, Appellant, v. GRACE INSTITUTE et al., Respondents, et al., Defendants.— In an action to rescind and cancel a deed and purchase-money mortgage with respect to certain real property, to declare that the title to such property is in the defendant Grace Institute, and for incidental damages, plaintiff appeals: (1) from two orders of the Supreme Court, Nassau County, dated March 9, 1964, which granted the motions of the defendants Grace Institute and First Marl Corp. for summary judgment; and (2) from a judgment of said court entered March 17, 1964 pursuant to said orders, dismissing the amended complaint as against said defendants. Judgment and orders affirmed, with $10 costs and disbursements. We are of the opinion that the court below erred in granting the motions for summary judgment and dismissing the amended complaint on the ground stated by it, namely: that the instant action is barred under the doctrine of *res judicata* (cf. *Ripley* v. *Storer*, 309 N. Y. 506; *Smith* v. *Kirkpatrick*, 305 N. Y. 66; *Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304). Nevertheless, we conclude that the motions should have been granted on the ground that the plaintiff has failed, either by affidavit or other proof, to show facts disclosing the existence of a triable issue. Upon the record before us, and based upon the resolutions (duly adopted at the Feb. 11, 1960 meeting of the corporation, Grace Institute) which conferred upon the corporation's officers power without limitation except as therein expressly prescribed, we believe it has been conclusively established that they were fully empowered and authorized to effectuate the sale and to make the conveyance in question. In any event, upon the facts presented, we are of the opinion that plaintiff would not be entitled to the relief which he seeks in this action (cf. *Chelrob, Inc.* v. *Barrett*, 293 N. Y. 442; *Kalmanash* v. *Smith*, 291 N. Y. 142). For these reasons, we hold that the amended complaint was properly dismissed as to both of the moving defendants. Beldock, P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.