■ In the Matter of OCEAN SEA FOOD & RESTAURANT CORP., Petitioner, v. NEW YORK STATE LIQUOR AUTHORITY, Respondent.— Determination unanimously annulled, on the law, with $50 costs and disbursements to petitioner, and the matter remanded to respondent with a direction to process the application for the license. The record lacks substantial evidence to support the finding made by respondent. The opening or entrance in question is not used as an entrance or exit to the church. (Alcoholic Beverage Control Law § 64, subd. 7; *Matter of Cup & Saucer Cottage Rest.* v. *New York State Liq. Auth.*, 19 A D 2d 597, affd. 13 N Y 2d 1050.) Concur — Botein, P. J., McNally, Stevens, Eager and Steuer, JJ.

■ JOSEPH P. DELANEY, Respondent, v. AL HIRT, Appellant.— Order granting leave to amend complaint to add a cause of action in *quantum meruit* modified on the law and in the exercise of discretion to provide the following terms: that at or prior to the service of the amended complaint plaintiff pay all taxable costs in the action to date and that defendant be allowed to amend his answer to plead the Statute of Limitations as of the date of the service of the complaint as so amended; and otherwise the order is affirmed, with $30 costs and disbursements to appellant. The action is to recover for personal services rendered pursuant to three alleged oral contracts. Some four years after the institution of the action plaintiff sought to amend his complaint by adding a cause of action for damages based on *quantum meruit* claiming four times the amount originally sought. While Special Term had discretion to allow the amendment (*cf. Smith* v. *Kirkpatrick*, 305 N. Y. 66; *Martin* v. *Katz*, 15 A D 2d 767), the failure to impose terms was an improper exercise of that discretion. Concur — Botein, P. J., McNally, Stevens, Eager and Steuer, JJ.