**SAMUEL BLANKEN & CO., Inc., a corporation, Appellant,**

**v.**

**Sigmund GOLDBLATT et al., Appellees.**

**No. 20014.**

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 14, 1966.

Decided Dec. 1, 1966.

———◆———

Mr. Mark P. Friedlander, Washington, D. C., with whom Messrs. Mark P. Friedlander, Jr., Blaine P. Friedlander, Washington, D. C., and Harry P. Friedlander, Arlington, Va., were on the brief, for appellant.

Mr. Louis P. Robbins, Washington, D. C., with whom Mr. Irving B. Yochelson, Washington, D. C., was on the brief, for appellees.

Before FAHY, McGOWAN and TAMM, Circuit Judges.

TAMM, Circuit Judge:

This is an action for quantum meruit by appellant, a licensed real estate broker, against appellees, the lessees of certain real property located in the District. Appellant contends that appellees owe him the reasonable value of his services in bringing together the lessor and lessees and a percentage share in the yearly rental of the land in question. Appellees deny owing appellant any commission and seek affirmance of the District Court's grant of summary judgment against appellant.

The subject matter of the present action was previously before this court in the case of Blanken v. Goldblatt, et al., No. 19,536, decided adversely to appellant on November 23, 1965. In that action, appellant brought a contract action against the lessor, lessees (appellees here) and the real estate agent of the lessor, alleging that either individually or collectively they were liable to him for his having brought the parties together and for other actions on his part which materially contributed to the successful negotiation of the lease. This court rejected appellant's claim in that action.

Appellant contends here that the previous decision against him on his contract claim cannot bar this subsequent action for quantum meruit since, although concededly bottomed upon the same facts, they are two separate and distinct causes of action. Appellees argue that appellant's claim is barred by reason of res judicata, since the same facts and claim were decided adversely to appellant in the previous action.

We believe with appellees that the previous decision in *Goldblatt, supra*, is res judicata as to appellant's quantum meruit claim here. In that case the District Court concluded that appellant had failed to prove both a theory of damages and damages on a quantum meruit basis. (See Conclusions of Law Nos. 3 and 4). Since the quantum meruit claim has already been litigated between these very

same parties in a prior action, appellant's claim is obviously precluded under the doctrine of res judicata. See Grattan v. Societa Per Azzioni Cotonificio Cantoni, 151 F.Supp. 813 (SDNY), aff'd, 251 F.2d 343.

Affirmed.