Francis T. Murphy, Jr., J.
This is a motion by Allied Kings-port Press Unions for an order permitting it to intervene in the pending article 78 proceeding between Kingsport Press, Inc., and the Board of Education of the City of New York.
The movant herein is a labor union whose members were and apparently still are having labor difficulties with Kingsport Press, Inc., the petitioner in the pending article 78 proceeding. It appears that the Board of Education at the urging of the movant adopted a resolution, which states:
“resolved, that the Board of Education of New York City go on record as being opposed to the purchase of any books produced at Kingsport Press, Inc. in any instance where books of equal value to the children of New York City are available; and be it further
*429 “ resolved, that publishers having printing and binding performed at Kingsport Press, Inc. shall be advised by letter of the Board’s position in this matter.”
It is the legality of this resolution which is the subject of the article 78 proceeding. The movant herein is not a party thereto but on this application seeks permission to intervene pursuant to the relevant provisions of the CPLR.
The union clearly may not intervene as a matter of right pursuant to CPLR 1012 since it does not fall within any of the required subdivisions thereof.
The question is whether intervention should be permitted in the court’s discretion pursuant to CPLR 1013 or 7802 (subd. [d]).
CPLR 1013 provides: “ Upon timely motion, any person may be permitted to intervene in any action when a statute of the state confers a right to intervene in the discretion of the court, or when the person’s claim or defense and the main action have a common question of law or fact. In exercising its discretion, the court shall consider whether the intervention will unduly delay the determination of the action or prejudice the substantial rights of any party. ’ ’
No statute is claimed or shown to confer upon the union the right to intervene nor can the court perceive of any defense or claim of the union which is common in fact or law to those sought to be raised in the article 78 proceeding. The union’s disputes with the employer involve the usual labor-management difficulties in arriving at a collective bargaining agreement acceptable to both sides. The issue in the article 78 proceeding is whether the Board of Education may legally adopt the resolution quoted above under the circumstances considered by it at the time.
It is not questioned that the union has the right to legally and peacefully urge all prospective purchasers of products offered for sale by the employer, to refrain from having any business dealings with that company. Whether or not a public agency such as the Board of Education of this city may publicly adopt such a resolution is an entirely different and unrelated issue to those in dispute between the employer and the union.
To permit intervention in the circumstances presented would cause undue delay in obtaining a speedy determination of the article 78 proceeding, confuse and add extraneous issues thereto, thereby prejudicing the rights of the parties in interest.
Intervention should not be used as a sword rather as a shield to protect the rights of the proposed intervenor. No such rights are here shown warranting the relief sought. Accordingly, the motion is denied.