Abraham J. Gellinoff, J.
This is a motion by various interns and residents in New York City hospitals, individually, and as officers of the committee of interns and residents, to intervene in this proceeding brought by the New York City Health and Hospitals Corporation pursuant to CPLR article 78.
By this proceeding, petitioner corporation seeks to compel respondent, the City of New York, to comply with various monetary obligations, including tax levy payments and Medicaid payments, totaling in excess of $75,000,000. Movants assert that they are "interested persons” (CPLR 7802, subd [d]), since, as physicians employed in petitioner’s hospitals, their salaries, their training, and their accreditation have been adversely affected by the city’s failure to comply with its financial obligations to petitioner. Moreover, they-assert that petitioner has not sufficiently represented their interests. They claim that the relationship between petitioner and respondent militates against aggressive prosecution of this proceeding, as demonstrated by the fact that it has been pending for more than three years without any movement toward final adjudication.
The instant motion is opposed by petitioner, which alleges only that it is litigating in good faith, and by respondent, which contends that movants lack standing to intervene, and, in any event, are barred from intervention by res judicata.
The basis'for respondent’s latter argument is a prior motion to intervene, by the present movants’ predecessors, in 1973. That motion was denied by the court on the ground that movants were not "interested parties” (Supreme Ct, New York County, May 8, 1973, Amsterdam, J.). On appeal, the Appellate Division affirmed, but not upon the ground relied upon by Special Term. The Appellate Division, rather, concluded that "the interests of the proposed intervenors are adequately represented” (43 AD2d 513). The Court of Appeals dismissed movants’ predecessors’ motion for leave to appeal on the ground that "the order * * * appealed from involves the exercise of discretion of a type not reviewable by the Court of Appeals” (33 NY2d 935). Respondents urge that the present *503 motion must be denied as a mere relitigation of the previously denied motion.
However, the basis of the Appellate Division’s denial of intervention was not a lack of standing to intervene as a matter of law, but as a matter of fact. The Appellate Division supposed that movants’ interests would be protected by prosecution of the proceeding by petitioner. History, however, has not borne out that prediction. Petitioner has not prosecuted this proceeding with any noticeable degree of alacrity; indeed, from petitioner’s internal memoranda, it appears that it intends to use the pendency of this matter as leverage in budget negotiations with the city, rather than to seek the relief it demands in its petition.
The facts now before the court being substantially different from those upon which the Appellate Division based its earlier determination, the present application is not barred by res judicata.
On the merits, the court concludes that movants have adequately demonstrated grounds for intervention.
It must be emphasized that the test for intervention in this proceeding is that provided in CPLR 7802 (subd [d]): "The court may direct that notice of the proceeding be given to any person. It may allow other interested persons to intervene.” Thus, the arguments made by respondent with respect to standing to commence a proceeding, or for intervention pursuant to CPLR 1013 in an action, are beside the point.
Movants have asserted that their salaries, and their professional futures, hinge in large part upon the adequate flow of funds from respondent to petitioner. They have further shown that petitioner has failed to adequately protect their interests in that flow of funds. They are, accordingly, "interested persons” in this litigation.
Respondents place primary reliance upon the decision in Matter of Kingsport Press v Board of Educ. of City of N. Y. (50 Misc 2d 428). But, in that case, the legitimate interests of the proposed intervenors were tenuous at best. In Kingsport Press, a labor union involved in a dispute had successfully urged the board of education to adopt a resolution opposing any purchases from Kingsport Press. Kingsport Press instituted a proceeding challenging the board’s power to make such a resolution, and the union sought to intervene. As the court there held, the proposed intervenor had no cognizable interest in the issue raised in that litigation, namely, the *504 power of the board of education to make certain resolutions. Its only interest was in its collective bargaining negotiations. Moreover, in that case (p 429) "To permit intervention in the circumstances presented would cause undue delay in obtaining a speedy determination of the article 78 proceeding, confuse and add extraneous issues thereto, thereby prejudicing the rights of the parties in interest”.
The instant proceeding presents wholly different circumstances. Here, the precise issue in the proceeding — whether the city owes substantial payments to petitioner — is the issue in which movants have demonstrated a direct interest. Moreover, here, intervention would not cause undue delay; quite the contrary, movants seek intervention on the ground that the litigation has already been unduly delayed.
The courts of this State have recently liberalized and expanded the rights of persons with interest in the outcome of litigation to take part in the proceedings (see Boryszewski v Brydges, 37 NY2d 361; Bowen v State Bd. of Social Welfare of State of N. Y., NYLJ, Oct. 30, 1975, p 10, col 6; Matter of Cumba, NYLJ, Nov. 6, 1975, p 6, col 5). In light of this trend, and under the circumstances of this case, the motion to intervene is granted.