OPINION OF THE COURT
Shirley Fingerhood, J.
Defendant moves for summary judgment under CPLR .3212 on the ground that plaintiff’s claims[1] under section 368-d of the New York General Business Law are barred by the res judicata effect of Mushroom Makers v Barry Corp. (441 F Supp 1220, affd 580 F2d 44, cert den 439 US 1116) (hereinafter the Federal action).
The question presented here is whether Barry, the prior user of the trade-mark ’’mushrooms” is estopped from suing to enjoin the use of the same mark by defendant under section 368-d of the General Business Law, the State antidilution statute, because that claim was not asserted in good time in the Federal action.
*114 The Federal action arose under the following circumstances. Barry’s mark was registered for shoes, sandals and slippers in the United States Patent and Trademark Office on February 4,1975 and again on January 13,1976 after interstate use some time in. 1974. Mushroom Makers’ attempt to register the mark for women’s sportswear was rejected twice in 1976 on the ground that its use of the mark was likely to cause confusion with Barry’s mark as to source.[2] Mushroom Makers then brought the Federal action for a declaratory judgment that its use of the trademark did not infringe upon Barry’s rights under the Lanham Act (US Code, tit 15, § 1051 et seq.), because of the dissimilarity of the products. Barry counterclaimed for an injunction alleging trade-mark infringement, unfair competition and false designation of origin. The trial was held in July, 1977 before Judge Edward Weinfeld.
Before Judge Weinfeld decided the Federal action, the New York Court of Appeals interpreted the State antidilution statute for the first time in Allied Maintenance Corp. v Allied Mechanical Trade (42 NY2d 538). Judge Jasen, speaking for the majority, stated that relief was available under section 368-d of the General Business Law “notwithstanding the absence of competition or confusion (supra, p 543). He indicated that previously “New York courts, State and Federal, have read into the statute a requirement of some showing of confusion, fraud or deception” (supra, pp 543-544). The opinion continued: “Notwithstanding the absence of judicial enthusiasm for the anti-dilution statutes, we believe that section 368-d does extend the protection afforded trade-marks and trade names beyond that provided by actions for infringement and unfair competition. The evil which the Legislature sought to remedy was not public confusion caused by similar products or services sold by competitors, but a cancer-like growth of dissimilar products or services which feeds upon the business reputation of an established distinctive trade-mark or name.” (Supra, p 544.)
*115 Judge Cooke for the dissenters agreed with that conclusion differing only with the majority’s decision that the name Allied Maintenance was not sufficiently distinctive to receive the protection afforded by the statute.
Relying on Allied as constituting a change in State decisional law, Barry then moved to amend its answer in the Federal action to add a counterclaim under section 368-d of the General Business Law. The motion was denied, and Judge Weinfeld held that Barry was not entitled to an injunction on its other counterclaims. The Second Circuit affirmed both decisions. Denial of leave to amend was proper, it said, because the statement in Allied Maintenance that confusion between marks need not be demonstrated to prevail under the State law was “uttered in dictum and hence cannot be said to have changed the decisional law of New York State after the filing of the answer. Moreover, although it is true that the New York Court of Appeals had not previously defined the elements of a claim under the anti-dilution statute, other courts — both state and federal — had acknowledged that injury to a recognized trade name, rather than damage arising from confusion among consumers, lies at the heart of the wrong.” (Mushroom Makers v Barry Corp., 580 F2d 44, 49, supra.)
Shortly after Judge Weinfeld’s decision was rendered, Barry commenced the first of the two actions in issue here. That 1977 action was removed to the United States District Court which denied Barry’s motion to remand. The Second Circuit reversed. The opinion, by Chief Judge Irving R. Kaufman, dismissed as without merit Mushroom Makers’ argument that Barry’s claim was Federal. Judge Kaufman held the complaint “assiduously avoids any allegation or claim of confusion, trademark infringement, or unfair competition. Instead, it merely asserts that Mushroom Makers’ continued use of the mushroom mark is ‘likely to dilute the distinctive quality’ of its mark in violation of the New York antidilution statute. Thus, the complaint is carefully drafted to cover only those elements of a state action for dilution as recently defined by the New *116 York Court of Appeals in Allied Maintenance, supra .” (Barry Corp. v Mushroom Makers, 612 F2d 651, 658.)[3]
Upon remand to this court, Mushroom Makers made the present motion for summary judgment contending that because of the res judicata effect of Judge Weinfeld’s decision, Barry’s antidilution claim may not be heard now.
The doctrine of res judicata requires that judgment on the merits by a court of competent jurisdiction be conclusive on the parties to the litigation not only as to any matters actually litigated but also as to any that might have been litigated. (Reilly v Reid, 45 NY2d 24; Gowan v Tully, 45 NY2d 32.) There is no doubt that a State antidilution claim might have been litigated in the Federal action under pendant jurisdiction pursuant to section 1338 of title 28 of the United States Code.
To paraphrase Chief Judge Breitel’s analysis in Gowan (supra), the gravamen of the 1977 complaint is the same as that in the Federal proceeding. Here, as there, “[t]he foundation facts are the same, and so is the relief sought. Mere differences in legal theory do not create separate causes of action. (Matter of Reilly v Reid, 45 NY2d 24, 30 decided herewith; Restatement, Judgments 2d [Tent Draft No. 1, 1973], § 61.1)” (Gowan v Tully, supra, p 36).
Chief Judge Breitel noted in Reilly (supra) that the policy bases for res judicata —judicial economy and finality for the parties — “do not permit easy definition of the ‘same cause of action’ ” (supra, p 28). He warned of the danger of inflexible formulation: “These strong policy bases, however, if applied too rigidly, could work considerable injustice. In properly seeking to deny a litigant two ‘days in court’, courts must be careful not to deprive him of one (cf. Commissioners of State Ins. Fund v Low, 3 NY2d 590, 595). Thus, claim preclusion is tempered by recognition that two or more different and distinct claims or causes of action may often arise out of a course of dealing between the same parties, even though it is not, except in refined legal analysis, easy to say that a different gra *117 vamen is factually involved (see, e.g., Smith v Kirkpatrick, 305 NY 66). A party’s choice to litigate two such claims or causes of action separately does not bar his assertion of the second claim or cause of action (see Secor v Sturgis, 16 NY 548, 554, supra)” (supra, pp 28-29).
Nevertheless the court held in Reilly that the prior proceeding barred the later one in which different acts of illegality were alleged. Thus Reilly holds that the decisive issue in claim preclusion is not whether illegality is predicated on a different theory but whether both actions arise from the same transaction.
On this motion Mushroom Makers also relies on rule 13(a) of the Federal Rules of Civil Procedure which defines compulsory counterclaims as all claims which defendant had at the time the answer was filed “if it arises out of the transaction or occurrence that is the subject matter of the opposing party’s claim”. The Second Circuit held, in effect, that Barry’s antidilution claim was mature prior to the filing of its answer. The claims asserted in the 1977 complaint arose out of the transaction that was the subject matter of the Federal action. Nonetheless, we need not rely on Federal rule 13(a) and the mischance of Barry’s status as defendant rather than plaintiff in the Federal action because the New York Court of Appeals in Reilly imposes the same “transactional” standard for res judicata as that for compulsory counterclaims in rule 13(a).[4]
The result would be the same were the courts of this State to disagree with the Second Circuit’s interpretation of the Allied Maintenance case and hold that case changed the. decisional law. For Gowan v Tully (45 NY2d 32, 36, supra), states: “It is settled law, however, that ‘[t]he conclusive effect of a final disposition is not to be disturbed by a subsequent change in decisional law’ (Slater v American Min. Spirits Co., 33 NY2d 443, 447; see Sears, Roebuck & Co. v 9 Ave.-31 St. Corp., 274 NY 388, 398-403). The principle applies even when the change heralds a new policy as important as the relative apportionment doctrine *118 evolved in Dole v Dow Chem. Co. (30 NY2d 143; see Slater v American Min. Spirits Co., 33 NY2d 443, 447, supra).”
Accordingly, Mushroom Makers is entitled to summary judgment dismissing the 1977 complaint because the claims asserted therein arise from the same transaction as Barry’s counterclaims in the Federal action.
The complaint served in 1979 must be evaluated differently. Trade-mark infringement and trade-mark dilution are continuing torts. “If the tort is continuous, it gives rise to a fresh cause of action so long as the wrong persists.” (Callman, Law of Unfair Competition, Trademarks and Monopolies, § 87.5.)
Judge Weinfeld foresaw the possibility of renewed litigation: “However, this judgment speaks only as of the date of its entry. The Court has already noted the latent potentiality that likelihood of confusion may with the passage of time become a reality. Given the rapid growth of the companies involved and the continued use by them of their marks on the respective products they sell, the defendant may arguably contend that a change of circumstances would justify relief to it as the senior user and bring another action charging plaintiff with infringement or unfair competition.” (Mushroom Makers v Barry Corp., 441 F Supp 1222, 1234, supra.) (See, also, King Research v Shulton, Inc., 454 F2d 66, 69; Polaraid Corp. v Polaraid Electronics Corp., 287 F2d 492, cert den 368 US 820, cited in n 61, p 1234, by the District Court.)
As a change in circumstances may result in confusion as to source and justify another Lanham Act suit, so increased use may create for a trade-mark the commercial value which justifies another action under the State antidilution act.
Judge Weinfeld found in 1977 that Barry’s trade-mark had not “ ‘caught on’ ” and “in a commercial sense thus far is not a strong one.” (441 F Supp, at p 1227; emphasis added.) (The Second Circuit did not disturb that finding by the District Court although it disagreed with Judge Weinfeld’s conclusion that lack of success in the marketplace belied the strength of a trade-mark.)
*119 Success in the marketplace is certainly a factor to be considered in determining whether injunctive relief is warranted under the State antidilution act. For according to the New York Court of Appeals in Allied Maintenance (42 NY2d 538, 544, supra), the statute protects “the business reputation of an established distinctive trade-mark or name.” (Emphasis added.) Justice Felix Frankfurter termed the result of association of a name with a product through use and advertising “commercial magnetism”. (Mishawaka Mfg. Co. v Kresge Co., 316 US 203, 205.) The antidilution statute was designed to prevent poaching on that commercial value of a distinctive trade-mark.
Whether sufficient commercial value has accrued to Barry’s trade-mark after 1977 to warrant injunctive relief is a question of fact to be determined at trial. Barry alleges a change in the parties’ relative positions in the marketplace. The complaint states that sales of “Mushroom” footwear increased substantially after trial of the Federal action. If, as alleged, the facts are substantially different from those existing in 1977, a new application for relief is not barred by res judicata. (Cf. Matter of New York City Health & Hosps. Corp. v City of New York, 85 Misc 2d 501, affd 56 AD2d 535; Restatement, Judgments 2d, § 61.1 [Tent Draft No. 1, 1973].)
Accordingly, defendant’s motion for summary judgment on the 1977 complaint is granted and the motion for summary judgment on the 1979 complaint is denied.

. Two actions, one commenced in 1977, the other in 1979, have been consolidated by consent to the granting of plaintiff’s motion (No. 37) and the instant motion is addressed to the consolidated action.

. Barry objected to Mushroom Makers’ application for registration of the mushroom mark shortly before the first refusal.

. The action which was brought in 1979 was also removed to the United States District Court; it was remanded by the District Court because of the Second Circuit’s decision that the 1977 complaint covered only a State cause of action.

. The transactional theory of res judicata was adopted in section 61.1 of the Restatement, Judgments 2d (Tent Draft No. 1, 1973) cited in the Reilly v Reid (45 NY2d 24, supra) opinion.