■ R. G. Barry Corporation, Appellant, v Mushroom Makers, Inc., Respondent. (Action No. 1.) R. G. Barry Corporation, Respondent, v Mushroom

---

[*] Deuteronomy 1:16.

MAKERS, INC., et al., Appellants. (Action No. 2.) — Order of the Supreme Court, New York County (Fingerhood, J.), entered March 13, 1981, consolidating both actions on consent, granting the motion of defendant in Action No. 1 for summary judgment and denying the motion of defendants for summary judgment in Action No. 2, affirmed, without costs. We affirm for the reasons set forth by Fingerhood, J., in the opinion rendered by her at Special Term. We add the following comment: When the decision of the District Court in *Mushroom Makers v Barry Corp.* (441 F Supp 1220) was affirmed by the Court of Appeals for the Second Circuit (580 F2d 44) emphasis was laid upon equitable considerations. Special note was taken (pp 46-47) of the fact that shipments of "MUSHROOM sportswear to retail outlets began in October of 1975 and have risen meteorically since then: in November of 1975, MUSHROOM sales totaled $16,200; at the time of trial sales for 1977 were projected to reach the twenty million dollar level. In contrast to Barry's sales experience, this dramatic rate of growth was achieved with a total expenditure of less than $200,000 for advertising". The presentation made to us on the current appeals demonstrates a complete reversal of these facts. Barry's net sales for 1980 approximated $24 million. Conversely, Mushroom is not, at the present time, utilizing the trade-mark to augment its sales. Thus the present action (Action No. 2), which is brought not under the Lanham Act but under the State antidilution statute (General Business Law, § 368-d; see, also, *Allied Maintenance Corp. v Allied Mechanics Trades,* 42 NY2d 538) represents not only a change in theory but a change in circumstances sufficient to bar invocation of the doctrine of collateral estoppel. Ordinarily, the fact the defendants are no longer using the trade-mark would be sufficient to bar relief to plaintiff since the nonuse would preclude dilution. However, defendants refuse to stipulate that they will not use the trade-mark in the future. Such refusal may entitle Barry to injunctive relief. That is a matter for the trier of the fact. We do no more than hold that the potential for use in the circumstances here indicated is sufficient to bar summary judgment. Concur — Ross, J. P., Markewich, Bloom and Fein, JJ.

Silverman, J., dissents in part in a memorandum as follows: I would modify the order appealed from to the extent of granting defendants' motion for summary judgment dismissing Action No. 2 as well as Action No. 1. In 1978 the Federal courts held on the merits that the present plaintiff was not entitled to enjoin the present corporate defendant (hereinafter "defendant") from use of the name Mushroom Makers or the mark Mushroom in connection with the sale of women's apparel, *Mushroom Makers v Barry Corp.* (441 F Supp 1220, affd 580 F2d 44). The Federal courts did direct the present defendant to place on its products a notation that it did not manufacture or sell shoes, slippers or sandals under the name Mushroom. With respect to the main issue, the right of the present defendant to continue to use the mark or the name in connection with women's apparel concurrently with the present plaintiff's use of the mark Mushrooms in connection with the sale of footwear, the United States Court of Appeals said (p 49): "Mushroom Makers' interest in retaining the goodwill developed through concurrent use of an idential trademark far outweighs any conceivable injury to Barry; consequently we hold that the district court acted properly in denying the requested injunction." Under established principles of *res judicata,* defendant's right thus established is not to be defeated by a new suit based on a different legal theory, i.e., the New York antidilution statute, section 368-d of the General Business Law, rather than the more traditional claim of trade-mark infringement, unfair competition and confusion of goods. As in *Matter of Reilly v Reid* (45 NY2d 24, 30) "[e]ach proceeding brought by petitioner arose out of the same act of respondents alleged to be wrongful, namely," — defendant's use of the mark or name in connection with the sale of

women's apparel. "Each petition sought the same basic relief:" — an injunction against such use. So far, I believe all the members in this court are in agreement, and thus we all agree that Action No. 1 brought in 1977 based on the antidilution statute must be dismissed on grounds of *res judicata.* I diverge from my colleagues in that I would also dismiss Action No. 2 brought in 1979. The only difference between Action No. 1 and Action No. 2 is that it is alleged that plaintiff's sales and advertising had increased enormously while defendant's have decreased. No doubt, as the Federal court recognized, a later change of facts might lead to a different result from the result that the Federal court arrived at. But the change of facts must be a legally material change of facts. I do not think the change here alleged is legally material. In my thinking, the kind of changes that would be material and would lead to a different result in a later suit would be a showing, for instance, that defendant was guilty of some fraud and was now trying to pass off its goods as those of plaintiff; or that the gap between plaintiff's and defendant's products has been bridged (see *Mushroom Makers v Barry Corp., supra,* 580 F2d 44, at p 49), i.e., that defendant is now selling footwear under the name Mushroom. But no one claims that such changes have taken place in the present case. All that is alleged is plaintiff's increased business success and defendant's decreased success. But if once it is established, as it was in the Federal court, that defendant has the right to use the name Mushroom for women's apparel (with appropriate disclaimer), that right is not lost to the defendant because of relative changes in the prosperity of the parties. The right to an injunction should not vary from year to year depending upon the sales figures. Such changes are not legally material. I comment on one curious aspect of the case. Plaintiff suggests that defendant is no longer using the Mark or name Mushroom. But if that be so, why is plaintiff suing and what right does plaintiff have to an injunction? Phrasing this aspect of the case in slightly different terms: If it were shown that defendant had ceased using the mark and name for a substantial period of time so that the mark and name had come to mean exclusively plaintiff and plaintiff's products, *and* if thereafter defendant sought to revive the use of the mark and name, that might be a material change of circumstance, perhaps entitling plaintiff to an injunction. But this is not alleged. There is neither allegation nor showing that defendant abandoned the mark and name and is now seeking to revive its use. Plaintiff is merely seeking by these State court actions to obtain the same relief that the Federal court, on the merits, determined plaintiff was not entitled to.