■ LORENZO DE MEDICI, Respondent, v LORENZO DE MEDICI, INC., Appellant. — Order, Supreme Court, New York County (Grossman, J.), entered June 30, 1983, granting plaintiff's motion to amend the complaint and denying defendant's motion for summary judgment, unanimously affirmed, with costs and disbursements. ¶ Lorenzo De Medici, who purports to be a direct descendant of the famous De Medicis of Florence, designs and manufactures *haute couture* merchandise which is sold at European and American boutiques. Alleging a common-law property right to the use and protection of his name and a violation of sections 50 and 51 of the Civil Rights Law, he commenced this action on October 7, 1982 for the alleged misappropriation of his name by defendant, a seller of costume jewelry. A permanent injunction and damages, compensatory and punitive, were sought. Defendant, incorporated on July 21, 1977, has been using the "Lorenzo De Medici" name since at least August of that year. After interposition of its answer, which, in addition to a general denial, asserted nine affirmative defenses including the Statute of Limitations, defendant moved for summary judgment dismissing the complaint on the ground that recovery under the common-law property right theory and statutory remedy was barred by a three-year and one-year Statute of Limitations, respectively. Plaintiff cross-moved for leave to amend the complaint to allege two additional causes of action for unfair competition, one under New York's antidilution statute, section 368-d of the General Business Law, and the other under subdivision (a) of section 43 óf the Lanham Act (60 US Stat 427, 441; US Code, tit 15, § 1125, subd [a]), both of which were predicated on the same purported property rights in plaintiff's trade name as were alleged in the original complaint. Special Term found that both of plaintiff's original claims were time barred since more than five years had elapsed from the time defendant began to use plaintiff's name. Nevertheless, it denied defendant's motion as moot and granted plaintiff's cross motion to amend, finding that the

two new causes of action were governed by the six-year Statute of Limitations provided in CPLR 213 (subd 1). Plaintiff does not appeal from the dismissal of his original claims. Although we believe Special Term applied the wrong Statute of Limitations, we nevertheless affirm. ¶ Neither section 368-d of the General Business Law nor subdivision (a) of section 1125 of title 15 of the United States Code expressly provides a time limitation within which suit must be brought, and contrary to defendant's argument, these statutes create new liabilities, rather than providing additional remedies for pre-existing rights. Thus, CPLR 214 (subd 4), which provides a three-year Statute of Limitations for actions to recover damages for injury to property, does not control. Instead, CPLR 214 (subd 2), which provides a three-year Statute of Limitations for actions to recover upon a liability imposed by statute, does. (*Fields v Board of Higher Educ.,* 94 AD2d 202, 206-207.) Since "[t]rade-mark infringement and trade-mark dilution are continuing torts" (*Barry Corp. v Mushroom Makers,* 108 Misc 2d 113, 118, affd 85 AD2d 544), however, the Statute of Limitations has not run on either cause of action. Defendant's claim of prior appropriation of plaintiff's name, which it proffers on appeal in opposition to the continuing tort theory, was not the basis of its motion for summary judgment and presents factual issues. Of course, in light of the applicable Statute of Limitations, even under a continuing tort theory, recovery in damages may not be had for a period earlier than three years prior to the commencement of the action. Concur — Murphy, P. J., Sullivan, Lynch, Milonas and Alexander, JJ.