**CALZATURIFICIO RANGONI
S.p.A., Plaintiff,**

v.

**UNITED STATES SHOE
CORPORATION,
Defendant.**

No. 92 Civ. 2020 (JFK).

United States District Court,
S.D. New York.

Nov. 16, 1994.

Vail & Schneider, New York City (Jeffrey T. Vail, of counsel), for plaintiff.

Brumbaugh, Graves, Donohue & Raymond, New York City (Joseph D. Garon, Doreen L. Costa, of counsel), for defendant.

## OPINION AND ORDER

KEENAN, District Judge:

Before the Court is defendant's motion for summary judgment seeking dismissal of all claims of plaintiff as stated in plaintiff's Amended Complaint, pursuant to Fed. R.Civ.P. 56. Also before the Court is plaintiff's cross motion for partial summary judgment in its favor upon Count Ten of the Amended Complaint and also with respect to paragraphs 25A, 30A, 44A, 47A, 50A, 53A, 56A, and 61A thereof. For the reasons that follow, the motion of defendant is granted. The motion of plaintiff is denied.

## BACKGROUND

Plaintiff Calzaturificio Rangoni, S.p.A. (hereinafter "Rangoni") is an Italian corporation having a principal place of business in Florence, Italy, where it owns and operates a factory engaged in the manufacture and distribution of footwear. Defendant United States Shoe Corporation (hereinafter "U.S. Shoe") is an Ohio corporation having its principal place of business in Cincinnati, Ohio and an office for the transaction of business in New York, New York.

In the late 1940's plaintiff and a predecessor of defendant, Marx & Newman Co., Inc. (hereinafter "Marx"), began to do business together. Plaintiff and Marx entered into a series of agreements over the years relating to the sale of products manufactured in Italy by Rangoni. The trademark AMALFI was created and developed in the 1950's. Rangoni registered the AMALFI mark in Italy and elsewhere. By agreement, in 1955 and 1959, Marx and Amalfi Originals (a New York subsidiary of Marx) registered the AMALFI mark in their territory—the United States and Canada. It was agreed that Marx and Amalfi Originals would only use the AMALFI mark on shoes manufactured by Rangoni.

The last of the Agreements negotiated between the parties was entered into in 1962. The 1962 Agreement established that the manufactured products were to be sold in designated territories, including the United States, by either Marx or Amalfi Originals. Thereafter, U.S. Shoe, as the successor-in-interest to both Marx and Amalfi Originals, renewed the AMALFI registration.

In July of 1982, U.S. Shoe allegedly requested an amendment of the 1962 Agreement to permit it to use the AMALFI mark on goods manufactured by others than Rangoni. Rangoni refused, and shortly thereafter, U.S. Shoe notified Rangoni of its intention to terminate (as was either side's right) the 1962 contract, effective January 1, 1985. Despite this notice, the parties continued to negotiate a possible continuation of their relationship. Rangoni contends that U.S. Shoe, in breach of the 1962 Agreement, used the AMALFI mark on products manufac-

tured by others than Rangoni. Rangoni also contends that U.S. Shoe threatened Rangoni with costly litigation. When the negotiations ultimately failed, the effective termination date was finally fixed at May 31, 1985.

Rangoni states that with this termination it would lose more than 70% of its sales. Rangoni contends that it deferred litigation regarding the alleged breaches and devoted itself to maintaining solvency. On May 14, 1985, Niccolo Rangoni wrote to William Ritchie, an Australian Company, stating that its relationship with U.S. Shoe had been terminated but that U.S. Shoe would continue to use the AMALFI mark on non-Rangoni goods U.S. Shoe sold in the United States and Canada. On May 20, 1985, John Boyer of the law firm of Cadwalader Wickersham & Taft (Rangoni's and Niccolo Rangoni's attorneys) wrote to Howard Platt, a Senior Vice President for U.S. Shoe, concerning the termination of the relationship set to occur on May 31 of that year. In his letter at his client's instruction, Boyer stated that Rangoni was the rightful owner of the AMALFI mark in the United States. Further, Boyer contended that U.S. Shoe's 1959 trademark application contained fraudulent information. Boyer stated that "Rangoni intends to strictly enforce its rights under the contract and likewise will hold U.S. Shoe fully liable for any damages incurred as a result of any breach of the agreement." *See* Defendant's Ex. B. Boyer further stated that

> based on our investigation into the records of the Patent and Trademark Office and information received by Mr. Rangoni, the AMALFI mark is being used by U.S. Shoe on products not manufactured by Rangoni, including shoes, stores called Amalfi Shop, women's wear and glassware. You are advised that such use of the AMALFI trademark constitutes clear breach of the referenced agreement. Rangoni intends to take whatever actions are necessary to protect its rights under the agreement and under United States trade regulation laws.

*See id.*

Since the May 31, 1985 termination of the 1962 Agreement, U.S. Shoe has continued to use the AMALFI mark on goods sold in the United States and Canada. Rangoni has adopted another mark for use on goods distributed in the United States. Since the termination, Rangoni has not, either directly or indirectly through a licensee, manufactured the AMALFI footwear sold in the United States or used the trademark AMALFI in the United States.

After the May 31, 1985 termination, Rangoni learned that U.S. Shoe was affixing the AMALFI mark onto shoes manufactured in Italy for eventual sale in the United States. In 1989 or 1990, Rangoni took ineffective actions in Italy to stop that practice. In 1991, in response to those actions, U.S. Shoe filed an action before the Tribunale di Firenze, a court of general jurisdiction in Florence, Italy. In that suit, U.S. Shoe sought a declaratory judgment that it was entitled to affix the AMALFI mark in Italy to shoes manufactured solely for export to and sale in the United States. Rangoni then asserted a counterclaim, declaring that U.S. Shoe does not own the AMALFI mark in the United States and its use of the AMALFI mark in the United States is therefore unlawful. U.S. Shoe opposed this counterclaim primarily on the basis that the Italian court lacked jurisdiction to hear the issue.

The Italian court issued its judgment (hereinafter the "Italian Judgment") in favor of Rangoni on October 28, 1993. The Italian court noted that the

> marketing in the American market on the part of the plaintiff U.S. Schoe [sic] of products with the Amalfi mark arose on the basis of a contractual agreement which was made between its predecessors and the defendant, an agreement which was cancelled by the parties and is no longer in effect ...

*See* Defendant's Ex. C, at 22. That court concluded that "the joint stock company La Conca del Sole", the company manufacturing shoes for U.S. Shoe in Italy,

> must be denied the right to produce in Italy and to sell in Italy products with the mark of which the defendant (Rangoni) is the exclusive owner, just as the right must be denied to U.S. Schoe [sic] to market such products, acquired in Italy, on the American market.

*See id.* The Italian court held that any rights U.S. Shoe had in the AMALFI mark were created by the Agreement and when the Agreement was terminated, so were U.S. Shoe's rights to use the AMALFI mark. The court concluded that U.S. Shoe's use of the AMALFI mark in the United States was unlawful.

This action was brought by Rangoni in 1992. Rangoni was granted leave to amend its Complaint to allege the preclusive effect of the Italian Judgment in this action.

This is an action for trademark infringement and related unfair trade practices. Plaintiff seeks a judgment that it is the sole, exclusive, and equitable owner of the distinctive name, brand and mark AMALFI. Plaintiff asserts by reason of the Italian Judgment that the defendant is precluded from asserting in this action that its use of the AMALFI mark in the United States is lawful or that its use subsequent to the termination of a 1962 Agreement has been lawful.

### DISCUSSION

Defendant has moved for summary judgment pursuant to Fed.R.Civ.P. 56 on the grounds that 1) a judgment entered in a previous proceeding commenced by it against plaintiff in an Italian court is without force and effect in this action and 2) plaintiff's claims herein are time-barred by Section 213(8) of the New York Civil Practice Law and Rules. Plaintiff opposes that motion and cross-moves for partial summary judgment based on the Italian Judgment.

### I. STANDARDS FOR SUMMARY JUDGMENT

This Court may grant summary judgment only if there is no genuine dispute as to any material fact and the moving party is thus entitled to judgment as a matter of law. *See, e.g., Silver v. City University of New York,* 947 F.2d 1021, 1022 (2d Cir.1991); *Montana v. First Fed. Sav. & Loan Ass'n,* 869 F.2d 100, 103 (2d Cir.1989); *Knight v. U.S. Fire Ins. Co.,* 804 F.2d 9, 11 (2d Cir.1986), *cert. denied,* 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987); *Falls Riverway Realty, Inc. v. Niagara Falls,* 754 F.2d 49, 54 (2d Cir.1985). The role of the Court on such a motion "is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." *Knight v. U.S. Fire Ins. Co.,* 804 F.2d at 11. *See, e.g., Twin Lab. Inc. v. Weider Health & Fitness,* 900 F.2d 566, 568 (2d Cir.1990); *Montana v. First Fed. Sav. & Loan Ass'n,* 869 F.2d at 103; *Ramseur v. Chase Manhattan Bank,* 865 F.2d 460, 465 (2d Cir.1989).

The movant bears the initial burden of informing the Court of the basis for its motion and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any," that show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). If the movant meets this initial burden, the party opposing the motion must then demonstrate that there exists a genuine dispute as to the material facts. *Id.; see also Silver v. City University of New York,* 947 F.2d at 1022; *Greater Buffalo Press, Inc. v. Federal Reserve Bank,* 866 F.2d 38, 42 (2d Cir.), *cert. denied,* 490 U.S. 1107, 109 S.Ct. 3159, 104 L.Ed.2d 1022 (1989). To show such a "genuine dispute," the opposing party must come forward with enough evidence to allow a reasonable jury to return a verdict in its favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Cinema North Corp. v. Plaza at Latham Assoc.,* 867 F.2d 135, 138 (2d Cir.1989). If "the party opposing summary judgment propounds a reasonable conflicting interpretation of a material disputed fact," then summary judgment must be denied. *Schering Corp. v. Home Ins. Co.,* 712 F.2d 4, 9–10 (2d Cir.1983) (citing *New York State Energy Research & Dev. Auth. v. Nuclear Fuel Servs., Inc.,* 666 F.2d 787, 790 (2d Cir.1981)).

### II. THE ITALIAN JUDGMENT

The first issue for the Court to determine is whether the Italian Judgment is entitled to force and effect in this litigation. In the

Italian litigation, U.S. Shoe sought a ruling that its affixation of the AMALFI mark to shoes in Italy for export from Italy was lawful and did not constitute infringement of Rangoni's Italian registration of the mark, or unfair competition under Italian law. In its counterclaim, Rangoni sought a ruling that it was the lawful owner of the AMALFI mark and U.S. Shoe's use of that mark was illegal. The Italian court ultimately ruled in favor of Rangoni.

U.S. Shoe argues that the Italian Judgment is of no force and effect for the following reasons: 1) the Italian Judgment determined the parties' Italian rights based exclusively on Italian law; 2) principles of comity dictate that the Italian Judgment should be disregarded; and 3) the Italian Judgment is inadmissible under the Rules of Evidence. Rangoni contends that the Italian Judgment should be given full force and effect because it decided the exact legal questions at issue in this case, and is therefore entitled to comity.

### A. *Scope of the Italian Judgment*

Prior to deciding the effect of the Italian Judgment in this Court, the scope of that judgment must be determined. In that action, U.S. Shoe sued for a declaratory judgment of its right to affix the AMALFI mark in Italy to shoes manufactured solely for export to and sale in the United States. Rangoni then asserted a counterclaim, declaring that U.S. Shoe does not own the AMALFI mark in the United States and its use of it is therefore unlawful. U.S. Shoe opposed this counterclaim primarily on the basis that the Italian court lacked jurisdiction to hear the issue. The Italian Court ruled that U.S. Shoe could not produce in Italy or sell in Italy products with the AMALFI mark. That Court ruled that Rangoni was the exclusive owner of the mark and that U.S. Shoe's use of the AMALFI mark in the United States was unlawful.

### B. *Precedent*

### 1. Legal Standards

■ A trademark is inherently territorial and it exists in each country solely accord-ing to that particular country's statutory scheme. *See Fuji Photo Film Co. v. Shinohara Shoji Kabushiki Kaisha,* 754 F.2d 591, 599 (5th Cir.1985). Once a trademark has been registered in the United States, "its status ... is independent of the continued validity of its registration abroad, and its duration, validity, and transfer in the United States are governed by" the Lanham Act. *Vanity Fair Mills, Inc. v. T. Eaton Co.,* 234 F.2d 633, 644 (2d Cir.), *cert. denied,* 352 U.S. 871, 77 S.Ct. 96, 1 L.Ed.2d 76 (1956).

■ It is well-settled law that "when trademark rights within the United States are being litigated in an American court, the decisions of foreign courts concerning the respective trademark rights of the parties are irrelevant and inadmissible." *Vanity Fair Mills,* 234 F.2d at 639, *citing George W. Luft Co. v. Zande Cosmetic Co.,* 142 F.2d 536, 539 (2d Cir.1944). *See Grotrian, Helfferich, Schulz, Th. Steinweg Nachf. v. Steinway & Sons,* 365 F.Supp. 707, 719 (S.D.N.Y. 1973); *C–Cure Chemical Co. v. Secure Adhesives Corp.,* 571 F.Supp. 808, 821 (W.D.N.Y. 1983). *See also Fuji Photo,* 754 F.2d at 599.

### 2. Analysis

■ In this action, Rangoni and U.S. Shoe seek a determination of the legal ownership and use of the mark AMALFI in the United States. In light of the well-established precedent described above, the Italian Judgment is completely irrelevant to the determination of this action. This Court will not consider the Italian Judgment proffered by Rangoni. The Italian court's adjudication of the AMALFI mark has no application in this action. The use of AMALFI in the United States is governed solely by the trademark laws and decisions of this country. The Italian Judgment, based on Italian law, has no effect on the evaluation of the rights to use AMALFI in the United States.

### C. *Comity*

■ Notwithstanding the established precedent that excludes foreign court decisions from consideration in determining United States trademark rights, Rangoni urges this Court to enforce the Italian Judgment based on principles of comity. U.S. Shoe contends

that even principles of comity dictate that the Italian Judgment should be disregarded.

■ Judicial comity is defined as the informal and non-mandatory courtesy with which the courts of one sovereign may give effect to the laws and judicial decisions of another. *See* Black's Law Dictionary 242 (5th ed. 1979). A judgment reached in a foreign court may be plead as *res judicata* in a United States court under principles of comity where the parties, issues and evidence in both litigations are the same or substantially similar. *See Herbstein v. Bruetman,* 743 F.Supp. 184, 187–88 (S.D.N.Y.1990). In order to properly accord another sovereign's decision comity, that decision cannot offend the laws of the United States. *See De Young v. Beddome,* 707 F.Supp. 132, 135 (S.D.N.Y. 1989); *Kenner Products Co. v. Societe Fonciere et Financiere Agache–Willot,* 532 F.Supp. 478, 479 (S.D.N.Y.1982).

In this case, according the Italian Judgment comity would offend United States law. There is specific United States case law stating that foreign judgments should not be regarded in Lanham Act cases. As discussed earlier, it is well-settled law that "when trademark rights within the United States are being litigated in an American court, the decisions of foreign courts concerning the respective trademark rights of the parties are irrelevant and inadmissible." *Vanity Fair Mills,* 234 F.2d at 639, *citing George W. Luft Co. v. Zande Cosmetic Co.,* 142 F.2d 536, 539 (2d Cir.1944). *See Grotrian,* 365 F.Supp. at 719; *C–Cure,* 571 F.Supp. at 821. *See also Fuji Photo,* 754 F.2d at 599.

According the Italian Judgment comity in this action is therefore not appropriate. Principles of comity do not change this Court's decision that the Italian Judgment, based on Italian law, has no effect on the evaluation of U.S. Shoe's rights to use the AMALFI mark in the United States.

#### D. *Rules of Evidence*

U.S. Shoe finally argues that the Italian Judgment is inadmissible under Fed.R.Evid. 402 and 403. As the Court has already determined that the Italian Judgment is in-

admissible, it is unnecessary to determine its admissibility under the Rules of Evidence.

The Italian Judgment is inadmissible in this action under both well-established legal precedent and principles of comity. U.S. Shoe's motion for summary judgment that the Italian Judgment is without force and effect in this action is therefore granted.

Rangoni argues at great length (in both its cross-motion and opposition and in its reply briefs) the merits of the action as decided by the Italian Judgment. The Court notes that the merits of that decision are wholly irrelevant to a determination of whether that judgment is admissible in this action and worthy of being followed by this Court. Rangoni's cross-motion for partial summary judgment based upon the Italian Judgment is therefore denied, as that judgment may not be considered by this Court. Count Ten of the Amended Complaint is hereby dismissed.

### III. THE STATUTE OF LIMITATIONS

The second issue before the Court is whether plaintiff's claims are time-barred by the applicable statute of limitations. U.S. Shoe argues that Rangoni's claims herein are time-barred by Section 213(8) of the New York C.P.L.R., which governs fraud actions. Rangoni disputes that its claims are barred on a number of theories, but particularly on the theory that trademark infringement is a continuing tort.

#### A. *The Arguments*

U.S. Shoe presents the following argument. Rangoni's claims divide into three categories: Lanham Act claims as asserted in Counts One through Three; state law trademark claims as asserted in Counts Four through Seven; and a claim seeking imposition of a "constructive trust," in Count Eight. Count Eight is dependent on Counts One through Seven. U.S. Shoe argues that Count Three, the fraudulent registration claim, is barred by the applicable statute of limitations as contained in section 213(8) of the New York C.P.L.R. If Rangoni is unable to prove the fraud claimed in Count Three, the other federal Lanham Act claims (for trademark infringement and false designation of origin) will fail because without a

basis to challenge U.S. Shoe's registration of the AMALFI mark, the trademark at issue is incontestable. U.S. Shoe goes on to argue that because the federal Lanham Act claims fail, the pendent state claims fail in accordance with the federal claims. As a result, U.S. Shoe argues that the entire Amended Complaint must fail.

Rangoni contends, on the other hand, that though the initial tortious act may have occurred earlier than the beginning of the statutory period, the action will not be barred on limitations grounds if it can be based upon the continuance of the tort within that period. Therefore, Rangoni urges that its claims are not barred.

### B. Incontestability of the Mark

■ The crux of the issue in this action is that U.S. Shoe renewed the United States registration for the mark AMALFI. If a challenge to that registration on the basis of fraud is barred on statute of limitations grounds, then according to the Lanham Act, this registrant's right to use the mark is incontestable and the registration cannot be challenged.

■ The Lanham Act provides that if a registered mark is not contested for five years, that mark becomes "incontestable." 15 U.S.C. § 1065. The AMALFI mark was registered in 1959, renewed in 1979 by U.S. Shoe, and never challenged until now. Once a mark has become incontestable, it is "conclusive evidence of the validity of the registered mark and of the registration of the mark, of the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark in commerce." 15 U.S.C. § 1115(b). The incontestability provisions of section 1115(b) "provide a means for the registrant to quiet title in the ownership of his mark ... thus encourag[ing] producers to cultivate the goodwill associated with a particular mark." *Park 'N Fly, Inc. v. Dollar Park and Fly, Inc.*, 469 U.S. 189, 198, 105 S.Ct. 658, 663, 83 L.Ed.2d 582 (1985).

Despite a mark's "incontestability," there are still certain limited grounds available to challenge the mark. *See* 15 U.S.C. § 1115(b). The only exception to section 1115(b)'s incontestability alleged in this action is fraudulent registration. If Count Three is dismissed for statute of limitations purposes, there is no basis alleged by Rangoni that can overcome the incontestability of the mark.

At least one court has held that, without the assertion of fraud, allegations of trademark infringement and unfair competition are without merit because

> of the nature of the incontestable status of the ... mark. 15 U.S.C. § 1115(b). Therefore, to the extent [the other] claims ... allege trademark infringement and unlawful use of the ... mark, those claims are also subject to dismissal as each fails to state a claim upon which relief can be granted.

*Oreck Corp. v. Thomson Consumer Electronics, Inc.*, 796 F.Supp. 1152, 1161 (S.D.Ind. 1992). Therefore, if the fraud claim is barred by the appropriate statute of limitations, there will no longer be any basis on which to contest the mark.

### C. Fraud Statute of Limitations

■ The court in *PepsiCo, Inc. v. Dunlop Tire & Rubber Corp.*, 578 F.Supp. 196, 198 (S.D.N.Y.1984), decided that Lanham Act claims, particularly section 43(a) claims as raised herein, are akin to actions sounding in fraud and are therefore entitled to the six-year statute of limitations period established for fraud in New York C.P.L.R. 213(8). The fraud statute of limitation begins to run "from the time [Rangoni] ... discovered the fraud, or could with reasonable diligence have discovered it." New York C.P.L.R. 213(8). Inasmuch as the activity complained of was discovered by plaintiff at least as early as May 20, 1985, and this suit was not filed until 1992, U.S. Shoe argues that Rangoni's claim Lanham Act fraudulent registration claim is time-barred.

The Court agrees with plaintiff that the operative date for determining the statute of limitations is May 20, 1985, the date of the letter in which counsel to Rangoni first accused U.S. Shoe of fraud with regard to the registration of the mark. The allegation of fraud in the Cadwalader letter clearly dem-

onstrates the discovery of the fraud necessary to trigger the running of the fraud statute of limitations under New York C.P.L.R. section 213(8). Thus, the fraudulent registration claim is barred by the six-year statute of limitations applicable here as this action was brought more than six years after the discovery of the allegedly fraudulent conduct.

Inasmuch as the fraudulent registration claim is time-barred, the AMALFI mark is incontestable under the Lanham Act because there are no other challenges to incontestability alleged in this action. See 15 U.S.C. § 1115(b). As a result, Rangoni's other Lanham Act causes of action for trademark infringement (Count One) and for false designation of origin (Count Two) are similarly barred. See, e.g., Oreck Corp., 796 F.Supp. at 1161.

Rangoni argues that its causes of action are not barred because trademark infringement is a continuing tort that continuously gives rise to a fresh cause of action so long as the wrong persists. See R.G. Barry Corp. v. Mushroom Makers, Inc., 108 Misc.2d 113, 436 N.Y.S.2d 927, 930 (1981); De Medici v. Lorenzo De Medici, Inc., 101 A.D.2d 719, 475 N.Y.S.2d 391, 393 (1st Dep't 1984). However, this action is distinguishable from the typical continuing wrong trademark action. In this action, because the fraud cause of action is time-barred, the mark is incontestable. The other Lanham Act causes of action are likewise barred because the mark is incontestable. Therefore, the remaining Lanham Act causes of action are without merit. A determination of whether trademark infringement is a continuing tort is irrelevant in this action.

The Court has considered Rangoni's other arguments against dismissal of the Lanham Act claims and finds them equally unpersuasive. Counts One through Three of Rangoni's Amended Complaint are hereby dismissed.

### D. The Remaining Claims

Because the Lanham Act claims must be dismissed, defendant argues, the basis for federal question subject matter jurisdiction is destroyed, diversity jurisdiction is impossible, and the pendent state claims must be dismissed as well, resulting in dismissal of the entire Amended Complaint.

This Court has determined that all three of plaintiff's Lanham Act claims must be dismissed as a matter of law. As plaintiff's remaining claims are pendent state claims, defendants urge that they must be dismissed pursuant to 28 U.S.C. section 1367(c)(3). That section vests the Court with discretion to dismiss remaining state claims after dismissing those claims over which it had original jurisdiction. See 28 U.S.C. § 1367(c)(3).

This Court agrees with defendants that it should dismiss plaintiff's pendent state claims. Where federal claims are disposed of well before trial, it is appropriate for the pendent state claims to be dismissed as well. See Nolan v. Meyer, 520 F.2d 1276, 1280 (2d Cir.), cert. denied, 423 U.S. 1034, 96 S.Ct. 567, 46 L.Ed.2d 408 (1975). Rangoni's state law trademark claims, as asserted in Counts Four through Seven, are therefore also dismissed.

Finally, because the pendent state law claims have been dismissed as well as the Federal Lanham Act claims, there is no basis to impose a constructive trust. As a result, Count Eight is hereby also dismissed.

### CONCLUSION

U.S. Shoe's motion for summary judgment that the Italian Judgment is without force and effect in this action is granted and Count Ten of the Amended Complaint is dismissed. Rangoni's cross-motion for summary judgment on Count Ten is denied. U.S. Shoe's motion for summary judgment on Counts One through Eight is also granted. The Court orders this case closed and directs the Clerk of the Court to remove it from the active docket.

**SO ORDERED.**